**STATE of Iowa, Appellant,**

v.

**Craig Allen BUSS, Appellee.**

**No. 6762.**

Supreme Court of Iowa.

Oct. 27, 1982.

Thomas J. Miller, Atty. Gen., and Teresa Baustian, Asst. Atty. Gen., for appellant.

Joseph Moothart of Mershon, Snow & Knock, Cedar Falls, for appellee.

Considered by LeGRAND, P.J., and UHLENHOPP, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Defendant Craig Allen Buss was charged by trial information with second-degree burglary, Iowa Code section 713.1 (1981). The information alleged he did "break and/or enter a place where something of value is kept, to-wit: one Chevrolet pickup truck belonging to Gary Hanson, with intent to commit a theft therein." The defendant filed a motion to dismiss the charge arguing essentially that the cab portion of a pickup truck is not an "occupied structure or place" as defined in Iowa Code sections 702.12 and 713.1. The district court sus-

tained the motion and dismissed the burglary charge, leaving only the included offense of criminal trespass, Iowa Code section 716.-7. We reverse and remand.

## I. *Appeal.*

Iowa Code section 814.5(1)(a) allows the State to appeal as a matter of right from "[a]n order dismissing an indictment, information, or any count thereof." The district court's dismissal of the second-degree burglary charge and retention for trial of the included offense of criminal trespass constitutes such an order, and the State's appeal is proper. *See State v. Allen,* 304 N.W.2d 203, 205–06 (Iowa 1981).

## II. *Occupied Structure.*

■ This case raises a question of statutory construction. We must decide if the legislature intended to include the cab portion of the pickup truck within the definition of "occupied structure" as used in our burglary statute.[1] In making this determination we are guided by the rules of construction, Iowa Code section 4.6 (1981), and the general rules regarding penal statutes. *See e.g., State v. Williams,* 315 N.W.2d 45, 49 (Iowa 1982); *Eggman v. Scurr,* 311 N.W.2d 77, 78–9 (Iowa 1981); *State v. Oldfather,* 306 N.W.2d 760, 764 (Iowa 1981); *State v. Sullivan,* 298 N.W.2d 267, 271 (Iowa 1980); *see generally* 3 Sutherland *Statutory Construction* § 59.01–.09 (C. Sands 4th ed. 1974).

Iowa Code section 713.1 provides that a burglary is committed when:

Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters *an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief,* such occupied structure or place not being open to the public, or who remains there-

in after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure or other place where anything of value is kept. . . .

(Emphasis added.) An occupied structure is defined in section 702.12 as:

any building, structure, *land,* water or air *vehicle,* or similar place adapted for overnight accommodation of persons, or *occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value.* Such a structure is an "occupied structure" whether or not a person is actually present.

(Emphasis added.)

The State asserts that the pickup truck in this case comes within the definition of "occupied structure," as it is a vehicle used by its owner for the "storage or safekeeping" of valuables. The defendant responds that a pickup truck should not be considered a vehicle for the storage or safekeeping of anything of value unless it is used primarily as such. We are not persuaded by the defendant's argument. The burglary statute does not contain the qualifying language suggested by the defendant, and we decline to add it.

While there are no previous cases which have directly construed the phrase "occupied structure"[2] as urged in this case, commentators have said "[t]he term occupied structure, includes anything which would be a dwelling, and much more." 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 293 (1979). In fact, one commentator has concluded that an occupied structure "clearly encompasses an automobile which typically provides incidental storage," K. Dunahoo, *The New Iowa Criminal Code,* 29 Drake L.Rev. 237, 358 (1979–80), and goes on to suggest:

---

1. For a discussion of cases involving the burglary of motor vehicles as decided under the burglary statutes of other jurisdictions, *see* Annot. 79 A.L.R.2d 286 (1961).

2. We have, however, addressed the meaning of an "area enclosed" under section 713.1. In *State v. Newman,* 313 N.W.2d 484 (Iowa 1981), this court affirmed a burglary conviction based on the breaking of a locked coin changing machine.

That an automobile is not primarily used for storage or safekeeping of property should not exclude an ordinary automobile from coverage under the burglary statute, as the statute does not contain such qualifying language as a vehicle *primarily* used for the storage or safekeeping of property. Moreover, exclusion of automobiles from the burglary statute would mean that there would be no aggravated form of theft involving break-ins of automobiles.

*Id.* at 358, n. 972.

We conclude the cab portion of the pickup in this case is an "occupied structure" within the meaning of our burglary statute, and reverse the district court.

### III.  *Double Jeopardy.*

The defendant asserts that reprosecution of the burglary charge after remand would subject him to double jeopardy in violation of article I section 12 of the Iowa Constitution. We disagree. When the district court entered its pretrial dismissal order jeopardy had not attached. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265, 274 (1975) (jeopardy attaches when a jury is empaneled and sworn or, in a nonjury case when court begins to hear evidence); *State v. Moritz,* 293 N.W.2d 235, 242 (Iowa 1980). Under the circumstances, the State is not barred from further prosecution of the burglary charge.

The ruling of the district court is reversed and the case remanded.

**REVERSED AND REMANDED.**