STATE of Iowa, Appellant,

v.

Scott A. SYLVESTER, Appellee.

STATE of Iowa, Appellant,

v.

Donald L. HEUER II, Appellee.

Nos. 67964, 67976.

Supreme Court of Iowa.

March 16, 1983.

Thomas J. Miller, Atty. Gen., Teresa M. Baustian, Asst. Atty. Gen., and David H. Correll, County Atty., for appellant.

Francis C. Hoyt, Jr., Appellate Defender, and Charles L. Harrington, Asst. Appellate Defender, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and CARTER, JJ.

UHLENHOPP, Justice.

This appeal involves construction of the words "occupied structure" in chapter 713 of the Iowa Criminal Code.

The county attorney charged defendants Scott A. Sylvester and Donald L. Heuer II by trial information with second-degree burglary. From the information the following appears.

Dan E. Perkins, an employee of Klawitter Distributing Company, was delivering beer to Tony's Lounge in Cedar Falls, Iowa, on October 22, 1981. While Perkins was making his delivery inside the lounge, Robert M. Coleman observed two people, later identified as Sylvester and Heuer, from his nearby residence. Coleman told police he saw Sylvester and Heuer open doors on Perkins' beer truck and remove several cartons of beer. Upon his return to the truck, Perkins discovered that some beer had been taken.

After the trial information was filed, defendants moved to dismiss it. The district court dismissed the information on the ground that the beer truck was not an "occupied structure" within the meaning of sections 702.12 and 713.1 of the Iowa Code because it was not adapted for overnight accommodation of persons or for occupation by persons for the purpose of carrying on a business or other activities. The State appealed. See Iowa Code § 814.5(1)(a) (1981);

State v. Buss, 325 N.W.2d 384, 385 (Iowa 1982). ·

■ I. *Preservation of error.* Sylvester argues the State did not preserve error in his case by making written or oral resistance to his motion to dismiss. We pass by the point that a resistance was not essential. The State's written resistance to *Heuer's* motion to dismiss noted Sylvester also had a pending motion to dismiss on the same ground. The State in that resistance asked the district court to set a hearing on both motions to dismiss, and the court's ruling indicates the hearing was on both motions. The State appeared at the hearing and resisted. Sylvester's argument lacks merit.

II. *Occupied structure.* Burglary is defined as follows in section 713.1 of the Iowa Code:

Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

An occupied structure is defined as follows in section 702.12:

An "*occupied structure*" is any building, structure, land, water or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present.

■ This section thus includes in the definition of occupied structure, "any ... vehicle ... for the storage or safekeeping of

anything of value." We think the plain meaning of those words would include those portions of enclosed delivery trucks containing products to be carried and delivered. An enclosed delivery truck does not only transport products; it holds them in safekeeping until they are removed in their turn for delivery. We do not suggest that the enclosed box of a transport truck is not an occupied structure within the section. That question is not before us.

Appellees argue that the truck's doors were not locked. The definition of burglary, however, does not require that an occupied structure be locked in order for a breaking to occur. 13 Am.Jur.2d *Burglary* §§ 7, 15 (1964); 12A C.J.S. *Burglary* § 14, at 191, § 20 (1980).

Appellees also point to our recent holding in *State v. Buss*, 325 N.W.2d 384 (Iowa 1982). We there found the cab of a pickup truck to be an "occupied structure" for the storage or safekeeping of valuables. *Id.* at 385. Appellees distinguish *Buss* on the ground that the cab of a pickup "typically functions" as a place for the safekeeping of valuables. We do not think this distinction makes a difference. The "function" of the delivery truck is both to safely keep and to carry the product.

We overturn the ruling of the district court and remand the case for further proceedings.

REVERSED AND REMANDED.