STATE of Iowa, Appellant,

v.

Cheryl Janice KASE, Appellee.

No. 69032.

Supreme Court of Iowa.

Oct. 19, 1983.

Thomas J. Miller, Atty. Gen., Marcia Mason, Michael K. Jordan, Asst. Attys. Gen., and William L. Dowell, County Atty., for appellant.

Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER, and WOLLE, JJ.

CARTER, Justice.

■ The State appeals via discretionary review from an order in a criminal action requiring it to produce certain witness statements for inspection and copying by the defendant. In granting discretionary review pursuant to Iowa Code sections 814.1, 814.5(2), we declined to stay the underlying criminal proceeding. That proceeding has now been concluded by trial and jury verdict thereby rendering the issue on appeal moot as it affects the parties to this action. Because we find the issue presented involves a question of public importance which is both (a) likely to recur, and (b) in need of an authoritative interpretation, we consider the appeal on the merits notwithstanding its mootness. *See, e.g., State v. Hill,* 334 N.W.2d 746, 747 (Iowa 1983) ("exception to mootness doctrine exists with respect to the questions of a public nature which present a likelihood of recurrence thereby suggesting the desirability of an authoritative adjudication").

Defendant, who had been charged by trial information with first-degree murder, moved the court prior to trial for an order requiring the State "to produce for inspection and copying, true and correct copies of all statements, signed or unsigned, or voice recordings of witnesses for the State." In addition, the defendant asked the court to examine in camera any statements in the possession of the State of six persons whom the minutes of testimony showed to be material witnesses for the State; such examination was to be for the purpose of assisting the court in determining defendant's right to pretrial production, inspection, and copying of these statements.

This motion for production of witness statements was separate from and in addition to other requests for production involving exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and certain physical evidence. The trial court, in ruling on the motion for production of the witness statements, ordered the State to produce for examination by the defendant all written statements and recorded oral statements of the six designated witnesses at least two weeks prior to the scheduled trial date.

The issue which is framed by the State's appeal is whether Iowa Rule of Criminal Procedure 13(2)(b)(1), as it relates to production of "statements ... within the possession, custody or control of the state, and which are material to the preparation of [defendant's] defense," is merely a codification of preexisting case law, or, whether it enlarged the district court's authority to order pretrial discovery in criminal actions. Rule 13(2)(b)(1) reads as follows:

Upon motion of the defendant the court may order the attorney for the state to permit the defendant to inspect, and where appropriate, to subject to scientific tests, items seized by the state in connection with the alleged crime. The court may further allow the defendant to inspect and copy books, papers, documents, statements, photographs or tangible objects which are within the possession, custody or control of the state, and which are material to the preparation of his or her defense, or are intended for use by the state as evidence at the trial, or were obtained from or belong to the defendant.

This portion of rule 13 deals with discretionary discovery and describes that which the court "may order" the State to produce for inspection. It follows rule 13(2)(a) which describes that which the court "shall order" to be produced upon motion of a defendant. The rule is the product of legislative enactment. 1976 Iowa Acts chapter 1245, section 1301.

■ In appeals involving orders for production under rule 13(2)(b)(1), we believe an "abuse of discretion" standard of judicial review should be employed. The State seeks to avoid the constrictions otherwise present in a review of trial court discretion by urging that the district court has no discretion under rule 13(2)(b)(1) to order production of witness statements in advance of trial. In support of this contention, it urges us to view this portion of rule 13 as a codification of the prior decisions of this court adopting the so-called *Jencks Act* procedure. *See* 18 U.S.C. § 3500.

The *Jencks* procedure requires production of witness statements only *after* the witness has testified. We approved application of that rule in criminal trials in our courts in *State v. White,* 260 Iowa 1000, 1006–07, 151 N.W.2d 552, 555 (1967). We have continued to adhere to this rule respecting production of witness statements in *State v. Horn,* 282 N.W.2d 717, 721–22 (Iowa 1979); *State v. Deanda,* 218 N.W.2d 649, 651–52 (Iowa 1974); *State v. Mayhew,* 170 N.W.2d 608, 613–14 (Iowa 1969); and *State v. Eads,* 166 N.W.2d 766, 771–75 (Iowa 1969).

In *Eads,* we noted that few states in the absence of statute or rule allow a defendant to obtain production of statements of witnesses prior to trial. We went on to say in that case:

> At the same time almost all permit [a defendant] access to statements, if necessary for cross-examination, after a witness has testified for the prosecution. Until then, it is generally held there is no need for a defendant to have the statement of a witness, since it is not itself admissible in evidence and could not be used for any purpose except impeachment. There are many critical of this

rationale, but there is also solid support for it. . . . A few recent decisions show beginnings of a shift away from this principle.

*Id.* at 773.

The State urges us in the present appeal to interpret rule 13(2)(b)(1) as limiting the district court's authority to order production of witness statements to statements of those witnesses who have already testified for the State and proscribing production prior to that time. Our reading of the rule suggests that a different interpretation more nearly accords with the intention of the legislature. We base this contention on three factors. First, rule 13(2)(b)(1) deals with pretrial discovery motions. As such, it contemplates motions which in the ordinary course of things will be considered and determined by the court in advance of trial. This circumstance militates against the State's contention that the provisions of the rule calling for discretionary production of statements material to the preparation of the defense are but a codification of the *Jencks* procedure. Second, the inclusion of the word "statements" in the same rule which renders other evidentiary items the subject of *pretrial* discovery, inspection, and perhaps testing, suggests that witness statements are similarly made the subject of pretrial discovery. Third, we conclude that discretionary discovery of witness statements is simply not analogous to *Jencks* rule production, which is, where applicable, mandatory.

■ Based on the foregoing considerations, we conclude that in enacting rule 13(2)(b)(1), the legislature intended that statements of prosecution witnesses, where material to the preparation of the defense, are to be the subject of discretionary discovery in advance of trial; such discovery procedure is in addition to the *Jencks* rule production previously approved by this court and is not subject to the "necessity" strictures laid down in *Eads.* We note in this regard that we perhaps invited this rule by our comment in *State v. Houston,* 209 N.W.2d 42, 47 (Iowa 1973) that "we encourage prosecutors to consider seriously

whether any actual harm will come from permitting defense counsel to inspect documents in their files. If this can be done in fairness to the State as well as defendant, potential appeal grounds will be avoided."

This right to production of witness statements is not absolute. We found no abuse of discretion in the trial court's denial of such production in *State v. Thompkins,* 318 N.W.2d 194 (Iowa 1982) also decided under rule 13(2)(b)(1). Rule 13(6)(a) permits the State to ask for protective orders in response to such motions. The decision as to production must rest in each case with the good sense and sound discretion of the district court with an eye toward obtaining an expeditious and fair criminal trial. We find no abuse of discretion in the trial court's order requiring production of witness statements in the present case.

AFFIRMED.