STATE of Iowa, Appellee,

v.

Cheryl Janice KASE, Appellant.

No. 69516.

Supreme Court of Iowa.

Feb. 15, 1984.

See also, 339 N.W.2d 157.

Charles L. Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Marcia Mason, Asst. Atty. Gen., for appellee.

Considered by McGIVERIN, P.J., and LARSON, SCHULTZ, CARTER and WOLLE, JJ.

CARTER, Justice.

Defendant, Cheryl Kase, appeals from judgment and sentence following her conviction of the offense of first degree murder as charged under Iowa Code section 707.2 (1981). Among the grounds urged for reversal are that inculpatory statements made by her to law enforcement officers were the product of promissory leniency, involuntary and erroneously used as evidence against her at trial. We conclude that the record fully supports her contentions in this regard. We also conclude that this issue was sufficiently raised in the district court to have alerted that court to the issue and that the evidence in question was improperly admitted. We therefore reverse the judgment and sentence and remand for a new trial.

Defendant was charged with the murder of Terry Vaughn whose body was found in a quarry on June 7, 1982. Vaughn had been stabbed to death. At her trial Craig Bowerbank, an alleged accomplice in the murder, testified that he had assisted Finus Atwood in the actual stabbing of Vaughn and disposing of the body. Bowerbank testified that the killing of Vaughn took place

in defendant's living room. He stated in his testimony that while defendant was not present when Vaughn was killed she had urged Atwood to commit the crime, made suggestions as to how to accomplish the murder, and following the killing, directed and participated in destruction of evidence and the flight of Atwood and Bowerbank from the state.

Defendant testified at trial and denied any complicity in the murder or any knowledge prior thereto that Atwood or Bowerbank were contemplating the act. She did admit to helping dispose of evidence which she attributed to her fear that Atwood would harm her.

I. *Admissibility of Statements by Defendant Following Promises of Leniency by Law Enforcement Officers.*

■ We first consider defendant's contention that inculpatory statements made by her on June 13, 1982 to law enforcement officers should have been suppressed. Acting with an abundance of caution appellate counsel for defendant presents a two-tiered argument on this issue. Before discussing the merits it is contemplated that this issue may not have been preserved in the trial court. Defendant asserts that, if so, this constitutes ineffective assistance of trial counsel, a circumstance which would allow us to consider this issue in the absence of preservation, or, as in *State v. Hrbek*, 336 N.W.2d 431, 435–37 (Iowa 1983), remand to the district court for consideration of this issue.

If the issue was not preserved in the trial court *State v. Hrbek* would be directly on point. It also involved an issue of voluntariness of a defendant's inculpatory statements following promises of leniency. In fact the present case is a stronger case than *Hrbek* on the merits of the underlying claim. Our examination of the record in the present case convinces us, however, that the issue of voluntariness was sufficiently raised in the district court to preserve the error now being asserted on appeal.

On August 20, 1982, defendant filed a motion to suppress evidence of statements by defendant to law enforcement officers on June 13. While this motion was not filed within the time provided in rule 10(2)–(4) of the Iowa Rules of Criminal Procedure, the district court excused the untimeliness and the State has not urged that this was not for good cause.

The motion asserted that the statements were involuntary as a result of duress and trickery and obtained in violation of her fifth and fourteenth amendment rights. It urged that involuntariness of the statements be found by the court on the totality of circumstances. At the hearing on this motion to suppress defendant offered evidence that an agent of the Division of Criminal Investigation had stated prior to questioning her that if she told authorities what she knew no charges would be filed against her and, if she did not, she would be charged with murder. In denying the motion the district court expressly found that the totality of circumstances established that the statements were voluntary.

Because issues of promissory leniency are frequently considered under the general issue of voluntariness, we believe that the evidence offered at the suppression hearing coupled with specific allegations of duress and trickery contained in the motion to suppress served to alert the district court to the claim now being argued. We therefore hold that error in the admission of this evidence is preserved for consideration on appeal.

■ As we stated in *Hrbek*, 336 N.W.2d at 436:

> To be admissible, a confession must be " 'free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.' " *Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471–72, 25 L.Ed.2d 747, 759 (1970). Statements are involuntary when induced by promises of leniency. *See State v. Hodges*, 326 N.W.2d 345 (Iowa 1983); *State v. Ware*, 205 N.W.2d

700 (Iowa 1973); *State v. Mullin*, 249 Iowa 10, 85 N.W.2d 598 (1957).

At the hearing on the motion to suppress agent Ronald Mower of the Division of Criminal Investigation testified that on June 12, 1982, he advised the defendant that if she told him what she knew about Vaughn's death and signed a consent to search her apartment no criminal charges would be filed against her; otherwise, she was told, she would be charged with murder. It was after this statement was made that defendant did sign a consent to search her apartment and gave statements to Mower and other officers on June 12 and June 13. The June 12 statements were not offered at trial, but inculpatory statements made by defendant on June 13 were received in evidence.

■ Statements exacted by promissory leniency are not excluded on prophylactic grounds to deter police misconduct; they are excluded on grounds that statements exacted under such circumstances are unreliable. The undisputed evidence of the events in this case presents a far stronger showing of involuntariness because of promissory leniency than that which was held to require reversal in *State v. Hodges*, 326 N.W.2d 345, 348–49 (Iowa 1983). The State seeks to avoid the consequences which flow from this circumstance by urging that no reversal is required in the present case because: (a) no statements given by the defendant on June 12 were used at the trial; and (b) there was "attenuation" with respect to the June 13 statements which were used in the State's case.

■ The State's theory of attenuation is based entirely on the fact that between the time that the assurances of leniency were given defendant on June 12 and any statements she made on June 13, she had consulted with an attorney. The State likens defendant's situation to that of statements made while in illegal detention and urges that consultation with counsel is an attenuation under cases such as *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416, (1975). We find this argument to be unpersuasive. Consultation with an attorney would not insulate defendant from the psychological consequences of the promises made to her that she would not be prosecuted if she told the officers what she knew. These promises had not been retracted prior to her statements on June 13. Under settled principles of law involving statements induced by promissory leniency, the district court should have granted defendant's motion to suppress the statements made by her on June 13. This error requires reversal of the conviction and a new trial for petitioner.

II. *Other Issues Argued.* We briefly consider other issues argued which may arise again on retrial.

■ A. *Validity of Search Warrant.* Defendant urges that any consent which she gave to law enforcement officers to search her apartment was involuntary for the same reasons that her oral statements of June 13 were involuntary. We agree with this contention but the search in question was carried out under authority of a warrant. Our examination of the sworn application for that warrant convinces us that the magistrate was presented with evidence which established probable cause for the issuance of the warrant independently of any information which was elicited from statements of the defendant. The trial court was correct in not invalidating the warrant.

■ B. *Theory-of-the-Case Instruction.* Defendant contends that the trial court should have given her proffered theory-of-the-case instruction. That instruction would have advised the jury with respect to the elements of one or more crimes involving concealment of evidence or obstruction of justice of which defendant might have been guilty.

To the extent that a court is permitted or required to instruct that a given set of facts precludes a finding of guilt as to the crime charged, that set of facts must indeed be incompatible with one or more essential elements of that crime. *E.g. People v. Knott*, 59 Mich.App. 105, 111, 228 N.W.2d 838, 842 (1975). Nothing in the

proposed instruction would have negated the possibility that defendant was also guilty of the crime of murder. As such the instruction was not a theory of defense and was properly rejected.

C. *Refusal to Require In Camera Inspection of State's Investigatory File During Trial.*

Defendant made a general request for exculpatory material during trial which she believed had not been contained in prior information produced on discovery as directed and affirmed in a prior appeal of this case. See *State v. Kase,* 339 N.W.2d 157, 159–60 (Iowa 1983). She requested that the trial court conduct an in camera inspection of the State's investigatory files to assure compliance with this request. Nothing called to the trial court's attention at that time or to our attention at this time supports the granting of that request for inspection by the court. This determination on our part is without prejudice to further particularized requests by defendant for production of exculpatory information.

For the reasons stated in division I of this opinion the judgment and sentence are reversed and the case remanded for a new trial.

REVERSED AND REMANDED.