**STATE of Iowa, Appellee,**

v.

**Howard Gilmour WILLIAMS,
Appellant.**

No. 86–814.

Supreme Court of Iowa.

July 22, 1987.

Charles L. Harrington, Appellate Defender, and Raymond E. Rogers, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and William E. Davis, Co. Atty., for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and NEUMAN, JJ.

SCHULTZ, Justice.

This appeal presents the question whether a topper-enclosed pickup truck is an occupied structure under our burglary statute, Iowa Code section 713.1 (1985). The district court, Judge Edward B. deSilva, Jr., overruled defendant Howard Gilmour Williams's motion to dismiss a charge of burglary in the second degree, *see* Iowa Code section 713.5, holding that such a vehicle was an occupied structure under the definition of burglary in Iowa Code section 713.1 and as specifically defined in Iowa Code section 702.12. Following this ruling, defendant pleaded guilty to the charge before another district judge and was later sentenced under the conviction by Judge Margaret S. Briles. Defendant appeals from the judgment and sentence, challenging the ruling on the motion to dismiss the charge. We affirm.

At 2:30 a.m. on December 6, 1985 a Davenport police officer observed an automobile occupied by defendant and a co-defendant enter an automobile dealership lot and approach a pickup owned by the dealer. Mounted on the bed of the pickup was a camper shell that was three feet high and had windows in the side and a door in the rear. The co-defendant entered the door of the shell into the back of the pickup and handed out to defendant two tires, which were then placed in the trunk of the car the defendants had driven into the lot. The two then left the lot in their vehicle and were apprehended by the Davenport police and charged with burglary in the second degree.

In his brief defendant concedes that his plea of guilty waived appellate consideration of his motion to dismiss. He alleges

that he had ineffective assistance of trial counsel because counsel was unaware of the waiver. For this reason he urges that this court should reach the merits of the issue raised in the motion to dismiss. We believe the trial court correctly overruled the motion to dismiss. Consequently the matter of waiver is irrelevant, and we need not consider the matter of ineffective assistance of counsel.

The question whether entering a land vehicle for the purpose of theft is burglary has been decided by this court. *State v. Sylvester*, 331 N.W.2d 130 (Iowa 1983); *State v. Buss*, 325 N.W.2d 384 (Iowa 1982). In *Buss* we held that a pickup truck cab was an occupied structure as defined in section 702.12 (1981), and that a party entering it was subject to prosecution for burglary under Iowa Code section 713.1 (1981). *Buss*, 325 N.W.2d at 385–86. Later, in *Sylvester* we held that the enclosed box of a beer truck containing goods to be carried and delivered constituted an "occupied structure" for the purpose of the burglary statute, despite claims that such an area of the truck was not adapted for overnight accommodation of persons or for occupation by persons for the purpose of carrying on a business or other activities. *Sylvester*, 331 N.W.2d at 131–32.

Defendant acknowledges these cases but argues that the legislative changes since *Buss* and *Sylvester* require us to interpret these statutes in a different fashion. This necessitates an examination of the changes in the burglary statute and the definitional section.

Iowa Code section 713.1 (1985) provides in part:

Any person, having the intent to commit a ... theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public ... commits burglary.

An occupied structure is defined by section 702.12 (1985) as follows:

An *"occupied structure"* is any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for over-night accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an "occupied structure" whether or not a person is actually present. However, for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an "occupied structure."

Prior to 1984, section 713.1 (1983) prohibited entering either "an occupied structure *or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft.*" (Emphasis added). This section also defined as burglary the act of a person with the specified intent breaking into "an occupied structure *or other place where anything of value is kept.*" (Emphasis added).

The legislature, by 1984 Iowa Acts chapter 1247 section 2, deleted the language italicized above from section 713.1. The same act in section 1 modified the definition of an occupied structure in section 702.12 by adding the last sentence of the present statute.

The issue is whether the 1984 amendment affects this case. In *Buss* we found the cab of a pickup to be an "occupied structure for the storage or safekeeping of valuables." 325 N.W.2d at 385. In *Sylvester* we held that the function of an enclosed delivery truck "is both to safely keep and to carry the product" and we refused to make a distinction between the cab of a pickup and an enclosed delivery truck. 331 N.W.2d at 132. The amendment did not speak to nor did it alter the definition of an occupied structure in section 702.12, which refers to a land vehicle. Additionally, the language concerning the "storage or safekeeping of anything of value" was retained subject only to the exception concerning the size of the object or device. Defendant concedes that the enclosed pickup bed is of a size sufficient to allow a person to enter

or occupy it. This concession negates the exception.

We believe that the 1984 amendment was the legislature's response to our holding in *State v. Newman*, 313 N.W.2d 484, 487 (Iowa 1981), that the forceful entry of a coin changing machine can constitute burglary. The definition of an occupied structure still includes a land vehicle, however, and we find no reason to depart from our decisions in *Buss* and *Sylvester*.

In summary, defendant's claim of ineffective assistance of counsel, based on his trial counsel's failure to preserve error on the motion to dismiss the charge, is unfounded. The trial court ruled correctly on the motion to dismiss. The illegal entry into the enclosed camper on a pickup truck is the entry of an occupied structure as defined in section 702.12 (1985), and may be the basis for a burglary charge pursuant to section 713.1 (1985).

AFFIRMED.