STATE of Iowa, Appellee,

v.

James HILL, Appellant.

No. 88–1542.

Supreme Court of Iowa.

Dec. 20, 1989.

Raymond E. Rogers, State Appellate Defender and Shari Baron, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Sarah J. Coats, Asst. Atty. Gen., and William E. Davis, County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

James Hill was convicted of burglary in the second degree in connection with the theft of used pistons from a fenced enclosure behind a Davenport automobile parts store. The arresting officer testified that he was walking down the alley behind the store when he heard a crash, then saw Hill jump from the top of the fence to the ground outside the enclosure. Hill picked up two buckets filled with pistons and placed them in the trunk of his car. Hill's trunk contained a large number of pistons. The parts store used the enclosure, which was surrounded by a chain link fence topped with barbed wire, to store such parts.

After the close of evidence, the court instructed the jury on the meaning attached to the term "occupied structure" as it is used in Iowa Code section 713.1 (1987) defining burglary. The instruction, number sixteen, included land within the definition of "occupied structure." Hill's trial counsel did not object to the instruction and the jury returned a guilty verdict.

Hill's appeal focuses on two major issues. First, he claims that a fenced enclosure of the type at issue is not an "occupied structure" as defined by Iowa Code section 702.12 (1987). In connection with this claim the State argues that Hill failed to preserve error. Hill's second claim involves jury instruction number sixteen, which he claims was improper. Although Hill admits that his trial attorney did not preserve the alleged error by timely objecting to the instruction's content, he interposes an ineffective assistance of counsel claim as a means of reaching the issue.

We have considered the State's contention that Hill failed to preserve error on the issue of whether a fenced enclosure such as the one behind the auto parts store is an

"occupied structure" for purposes of Iowa Code section 713.1 (1987). Although we have serious doubt that error was preserved we elect to make a determination on the merits. *See, e.g., State v. Jeffries,* 430 N.W.2d 728, 729 (Iowa 1988).

I. The legislature amended Iowa Code section 713.1, defining burglary, in 1984. Prior to that date the statute read as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

Hill contends that the portions of the statute deleted by amendment (underlined) covered fenced enclosures of the type at issue in this case. One commentator provides support for this proposition in an article authored prior to amendment, which gave as an example of an "enclosed area" as it appeared in the preamendment statute a "fenced enclosure containing nursery plants and gardening equipment adjacent to a shopping center." Dunahoo, *The New Iowa Criminal Code,* 29 Drake L.Rev. 237, 359 (1979–80). When an amendment to a statute deletes certain words or phrases, the court must presume the legislature has intended a change in the law unless the remaining language amounts to the same thing. *State v. Phelps,* 417 N.W.2d 460, 462 (Iowa 1988).

Although this court never ruled on whether a fenced enclosure of the type at issue here constituted an "enclosed area" under the terms of the prior statute, it did have occasion to interpret the meaning of "enclosed area" in a different context. In *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981), this court held that breaking into a coin changer in a public laundry constitutes burglary. The court reasoned that the coin changer was an "area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief." *Id.* These words are the primary deletion in the 1984 amendment to section 713.1. The other words deleted also are words which could be construed to bring breaking into a coin changer or other such enclosed object within the ambit of the old statute.

We have elsewhere stated that the amendment deleting language from section 713.1 was a legislative response to this court's holding in *Newman.* *State v. Williams,* 409 N.W.2d 187, 189 (Iowa 1987). The court also noted in *Williams* that at the same time it amended section 713.1, the legislature amended Iowa Code section 702.12, defining "occupied structure." *Id.* at 188. Under the current terms of section 713.1, entry or breaking of an occupied structure, as defined in section 702.12, is required to constitute burglary. We must construe changes in section 713.1 in pari materia with changes in section 702.12 in order to construe the burglary statute. *Maguire v. Fulton,* 179 N.W.2d 508, 510 (Iowa 1970).

The primary amendment to section 702.-12 is in the addition of the concluding sentence, which directs that "for purposes of chapter 713, a box, chest, safe, changer, or other object or device which is adapted or used for the deposit or storage of anything of value but which is too small or not designed to allow a person to physically enter or occupy it is not an 'occupied structure.'" Iowa Code § 702.12 (1987). The fenced enclosure at issue in this case is not specifically excluded from the definition of "occupied structure" as defined by this additional sentence, since it is clearly large enough and designed to be physically entered and occupied by employees of the automobile parts store in the conduct of business.

Our next determination is whether an occupied structure under the definition provided by section 702.12 as revised in con-

junction with section 713.1 includes a fenced enclosure of the sort at issue here. We believe that such an enclosure is included by virtue of a second amendment to section 702.12 which provided for the inclusion of "appurtenances to buildings or structures." A thing is an appurtenance "when it stands in relation of an incident to a principal and is necessarily connected with the use and enjoyment of the latter." *In re Estate of Sueppel*, 255 Iowa 974, 977–78, 124 N.W.2d 154, 157 (1963). In this case, the fenced enclosure from which Hill took the used pistons was such an incident in connection with the automobile parts store. We find that the fenced enclosure behind the automobile parts store was an appurtenance as defined by section 702.12.

The definition of an "occupied structure" as contemplated by section 702.12 further requires that we determine whether the appurtenance at issue was adapted for overnight accommodation of persons, occupied by persons for the purpose of carrying on business or other activities, or for the storage or safekeeping of anything of value. By virtue of the fact that some of the business activities of the automobile parts store were carried on within the fenced enclosure, and the fact that the store used the enclosure to store used parts of some value, we find that the enclosure was an "occupied structure."

II. Hill's second contention on appeal is that the court gave an erroneous jury instruction that led the jury to believe that entry onto land constituted burglary. The instruction (No. 16) was in relevant part as follows:

An "occupied structure" is any building, structure, *land*, or similar place, occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value.

(Emphasis added.) Hill acknowledges that his trial counsel failed to preserve error on the issue because he did not timely object. As a result, he interposes an ineffective assistance of counsel claim, asking that the court review the alleged defect in the instruction on that basis. Generally, ineffective assistance of counsel claims are best handled in the context of postconviction relief proceedings, in order that a more complete record may be developed on the issue. *State v. Rawlings*, 402 N.W.2d 406, 408 (Iowa 1987); *State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978). However, we have indicated that in rare cases it may be appropriate to determine the validity of the claim based upon the record before us. *Rawlings*, 402 N.W.2d at 408; *see State v. McCray*, 231 N.W.2d 579, 581 (Iowa 1975). Given our ruling that the fenced enclosure in question was an "occupied structure," we believe that there is an adequate record to make a determination on this issue. *See Williams*, 409 N.W.2d at 188–89; *McCray*, 231 N.W.2d at 581.

The standard Hill must meet in making his claim is a difficult one. Hill must prove both that his trial counsel failed to perform an essential duty and that prejudice resulted from counsel's failure. *State v. Miles*, 344 N.W.2d 231, 233–34 (Iowa 1984) (citing *Snethen v. State*, 308 N.W.2d 11, 14 (Iowa 1981)).

We need not first make a ruling on the essential duty element of Hill's claim before examining the prejudice requirement. *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1984). In examining the prejudice element, we are guided by the following principle:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984)).

In *Strickland*, the Supreme Court stated that even a professionally unreasonable error made by counsel does not warrant setting aside a judgment if the error had no effect on the judgment. 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696.

This court has defined an error causing prejudice as one that the defendant proves has resulted in actual and substantial dis-

advantage to the defendant, " 'infecting his entire trial with error of constitutional dimensions.' " *Miles*, 344 N.W.2d at 234 (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982)).

In *Frady*, the applicant for habeas corpus relief claimed error in a single instruction, to which his counsel did not object. The Court noted the situation (failure to object to a jury instruction) and cited *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977), for the proposition that a prisoner must show that the instruction complained of was of such a nature that the resulting conviction violated due process. *United States v. Frady*, 456 U.S. 152, 169, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816, 831 (1982).

■ Our de novo review of the record in light of our holding with regard to the fenced enclosure shows that instruction number sixteen did not prejudice Hill. We are convinced that even with the word "land" erroneously included in instruction sixteen there is no reasonable probability the jury would have reached a different verdict.

AFFIRMED.