Kenneth Dean WEAVER, Jr., Appellant,

v.

STATE OF IOWA, Appellee.

No. 91–1852.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1991.

Decided Nov. 27, 1991.

**1050**

David D. Butler, Des Moines, Iowa, argued, for appellant.

Thomas McGrane, Des Moines, Iowa, argued, for appellee.

Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Kenneth Dean Weaver, Jr. stole a purse from an automobile parked by a gas pump at a convenience store in Iowa. A state-court jury convicted Weaver of second-degree burglary. After the Iowa Court of Appeals affirmed Weaver's conviction, Weaver filed a habeas petition in federal district court. Weaver appeals the district court's denial of his petition. We affirm.

■ Weaver asserts the unlocked, privately-owned automobile was not an "occupied structure" within the meaning of Iowa's burglary statute. *See* Iowa Code § 713.1 (1987). We disagree. Iowa defines "occupied structure" as including a vehicle used "for the storage or safekeeping of anything of value." Iowa Code § 702.12 (1987). In addition, the Iowa Supreme Court has clearly stated that entering a land vehicle for the purpose of theft is burglary. *State v. Williams,* 409 N.W.2d 187, 188 (Iowa 1987) (citing *State v. Sylves-*

*ter,* 331 N.W.2d 130 (Iowa 1983); *State v. Buss,* 325 N.W.2d 384 (Iowa 1982)). It does not matter whether the vehicle is locked. *Sylvester,* 331 N.W.2d at 132.

■ A state is free to define its crimes so long as its definition does not offend some fundamental principle of justice. *McMillan v. Pennsylvania,* 477 U.S. 79, 85, 106 S.Ct. 2411, 2415, 91 L.Ed.2d 67 (1986). We find no constitutional infirmity in Iowa's definition of burglary. We also conclude Iowa law gave Weaver sufficient notice his conduct would subject him to burglary charges. *See Rose v. Locke,* 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975) (per curiam). Thus, Weaver's conviction for burglary does not violate due process. *See Stepniewski v. Gagnon,* 732 F.2d 567, 571 (7th Cir.1984).

■ Weaver also contends the trial court should have instructed the jury on his theory of defense, namely, the facts of the case constituted theft, and if the jury found Weaver committed theft, it must find Weaver not guilty of burglary. The proposed instruction is not a proper theory-of-the-case instruction. *State v. Kase,* 344 N.W.2d 223, 226 (Iowa 1984). Instead, it was an improper attempt to nullify Iowa's burglary law. *See State v. Willis,* 218 N.W.2d 921, 924 (Iowa 1974). Thus, the trial court properly refused Weaver's instruction. We realize Weaver would have preferred to be charged with theft rather than burglary, but the choice made in Weaver's case was within the prosecutor's discretion.

■ Finally, Weaver asserts a suggestive photo array tainted the victim's identification testimony. Although the victim initially expressed some apprehension about swearing to her identification of Weaver based on the photo array, she positively identified Weaver at trial. Assuming the photo identification was suggestive, we conclude the trial identification was sufficiently reliable. Having reviewed the totality of the circumstances, we cannot say there is " 'a very substantial likelihood of irreparable misidentification.' " *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243,

2254, 53 L.Ed.2d 140 (1977) (quoted case omitted); *see also Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972).

We thus affirm the district court.