**STATE of Iowa, Appellee,**

v.

**Bruce Wayne DAVIS, Appellant.**

No. 01–1822.

Supreme Court of Iowa.

Oct. 8, 2003.

As Amended on Denial of Rehearing Nov. 14, 2003.

---

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Drew Bockenstedt, Assistant County Attorney, for appellee.

LARSON, Justice.

Bruce Wayne Davis was convicted of first-degree burglary under Iowa Code sections 713.1 (2001) (defining burglary in general) and 713.2 (defining first-degree burglary). He appealed, alleging errors of the trial court and several instances of ineffective assistance of counsel. We affirm.

## I. *Facts and Prior Proceedings.*

This case began as a case of road rage on a Sioux City street between the defendant and a Quenten Junck. The confrontation ended when Davis left his vehicle, stuck his arm through the open window of Junck's vehicle, and stabbed him. It is undisputed that Davis struck Junck several times on the neck and back, although Davis denied *stabbing* him. In fact, Davis did not even have his "pigsticker" with him that day, according to him. The "blood," he claims, must have been red paint. Junck followed Davis's vehicle, got his license number, and reported it to the police.

Davis was charged with numerous crimes, but through dismissal of one and the merger of two others, the only charge involved in this appeal is first-degree burglary. Iowa Code section 713.1 defines burglary:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, *enters an occupied structure,* such occupied structure not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person

having such intent who breaks an occupied structure, commits burglary.

(Emphasis added.) First-degree burglary is defined in a separate section:

### 713.3 Burglary in the first degree.

1. A person commits burglary in the first degree if, while perpetrating a burglary in or upon an occupied structure in which one or more persons are present, any of the following circumstances apply:

. . . .

c. The person intentionally or recklessly inflicts bodily injury on any person.

Iowa Code § 713.3.

Iowa Code section 702.12, in turn, defines "occupied structure."

An *"occupied structure"* is any building, structure, appurtenances to buildings and structures, *land, water or air vehicle,* or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value. Such a structure is an *"occupied structure"* whether or not a person is actually present.

(Emphasis added.) Davis's trial counsel did not challenge the State's claim that the victim's car was an "occupied structure" under the statute. His appellate counsel now claims this oversight constitutes ineffective assistance of counsel and that the unchallenged errors of the district court now entitle him to a new trial. Davis argues that his trial counsel should have moved for a summary judgment of acquittal and should have objected to the court's instructions defining an occupied structure.

The crime of burglary requires an entry of an occupied structure. Here, the defendant did not actually get into the vehicle;

he merely put his arm into it. However, on appeal he concedes, for purposes of applying the statute, that he "entered" the vehicle. The only fighting issue is whether it was an occupied structure.

Prior to the trial of this case, we decided the case of *State v. Buss,* 325 N.W.2d 384 (Iowa 1982). *Buss* involved the burglary of a pickup truck and, specifically, the issue of whether the legislature intended to include the cab portion of a pickup truck as an occupied structure. 325 N.W.2d at 385. In *Buss* we rejected the defendant's argument that the vehicle must be used primarily for storage or safekeeping to be an occupied structure, reasoning that the language of the statute did not include such restrictions. *Id.* at 386. We concluded that the cab was an occupied structure for purposes of the statute. *Id.*

We reached the same decision in subsequent cases, including *State v. Sylvester,* 331 N.W.2d 130, 131–32 (Iowa 1983) (delivery truck as occupied structure), and *State v. Williams,* 409 N.W.2d 187, 188–89 (Iowa 1987) (topper-enclosed pickup as an occupied structure on the ground that "[t]he definition of an occupied structure still includes a land vehicle, . . . and we find no reason to depart from our decisions in *Buss* and *Sylvester*").

This line of cases sets the parameters of the burglary statute as it pertained to occupied structures at the time Davis was tried. In fact, the *Buss* line of cases remained intact until our recent decision in *State v. Keopasaeuth,* 645 N.W.2d 637 (Iowa 2002). In *Keopasaeuth,* which was decided after Davis's trial, this court affirmed by operation of law a burglary conviction involving a motor vehicle. The court was equally divided on the issue of whether a vehicle was an occupied structure. We said:

There is agreement among the members of the court that defendant in attempting to hit Morris did so with the intent to commit an assault. Three justices also conclude that in so doing defendant perpetrated an entry of an occupied structure. Three justices conclude that the evidence failed to establish the entry of an occupied structure. One justice takes no part in the decision. Consequently, defendant's conviction of burglary in the second degree is affirmed by operation of law by an equally divided court.

*Keopasaeuth,* 645 N.W.2d at 641.

We said in an analogous case that

[trial counsel's] understanding was consistent with the existing state of our case law. [A subsequent case] was not decided until three years later. Counsel need not be a crystal gazer; it is not necessary to know what the law will become in the future to provide assistance of counsel.

*Snethen v. State,* 308 N.W.2d 11, 16 (Iowa 1981) (citing *Boyer v. Patton,* 579 F.2d 284, 288 (3d Cir.1978)).

In this case, Davis's trial counsel cannot be faulted for failing to urge a view that had been universally rejected for almost twenty years. A federal court has observed:

Although we believe that a conscientious attorney would have been aware of the gestating law in this area, we agree that [one authority's] prescription of "knowledge which normally prevails at the time and place" does not necessarily place upon an attorney practicing in Pennsylvania in 1973 a strict duty to know what that law would become in its fruition.

*Boyer,* 579 F.2d at 288.

While it might be argued that, *after* our split decision in *Keopasaeuth,* our interpretation of occupied structure has been in a stage of gestation, that was clearly not the case *prior* to *Keopasaeuth* when Davis was tried. In fact, prior to *Keopasaeuth,* our interpretation of occupied structure was clearly and uniformly contrary to the position Davis now urges his attorney should have advocated. We find no breach of duty on the part of Davis's trial attorney and therefore reject his claim of ineffective assistance of counsel as to that issue.

Davis has also raised other instances of alleged ineffective assistance of counsel, including (1) failing to cross-examine the emergency room doctor, (2) failing to question witnesses regarding blood evidence, (3) failing to impeach certain witnesses regarding their prior statements, and (4) failing to introduce videotapes of police interviews of Davis, Elizabeth Sorenson, Quinten Junck, and Beau Wilshire. The record is inadequate to resolve these issues, and we therefore preserve them for possible postconviction proceedings. All other claims of ineffective assistance of counsel are rejected.

**AFFIRMED.**