# IN THE COURT OF APPEALS OF IOWA

No. 13-0559
Filed April 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENNIS EARL EWING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.


        Dennis Earl Ewing appeals the judgment of conviction and sentence entered after a jury found him guilty of second-degree theft. **REVERSED AND REMANDED.**


        Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, John Sarcone, County Attorney, and Justin G. Allen and Patricia Skeffington, Assistant County Attorneys, for appellee.


        Considered by Potterfield, P.J., and Vaitheswaran, J., and Miller, S.J.* Doyle, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Dennis Earl Ewing appeals the judgment of conviction and sentence entered after a jury found him guilty of second-degree theft, in violation of Iowa Code sections 714.1(4) and 714.2(2) (2011).  Because Ewing's counsel was ineffective in failing to object to erroneous jury instructions, we reverse the judgment of conviction and sentence, and remand for a new trial.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On November 29, 2012, Ewing was charged by trial information with theft in the second degree for acts occurring on October 31, 2012.  On that date, Des Moines Police Officer Craig Vasquez was approached by someone who reported seeing a stolen vehicle in a nearby driveway.  The vehicle in question, a scooter, was parked in the front of Ewing's home.  Officer Vasquez checked the license plates and confirmed the vehicle had been reported stolen.

Ewing told Officer Vasquez the scooter had been left in the driveway two or three weeks earlier.  He did not identify the person who left the scooter.  When Officer Vasquez placed him under arrest, Ewing threw a set of keys in his possession to his brother, Douglas.  Officer Vasquez discovered one of the keys in the set activated the stolen scooter.  None of Ewing's possessions were located inside the scooter.

Trial was held on February 11, 2013.  At the close of the State's evidence, Ewing's trial counsel moved for judgment of acquittal, arguing the State failed to meet its burden of proof regarding the scooter's value.  Counsel also alleged the State failed to prove the crime occurred in Polk County.  The motion was overruled.

Ewing then proceeded to present his evidence. His brother, Douglas, testified that he works at a garage adjacent to his Ewing's house. Douglas testified he and Ewing repair vehicles for people in their neighborhood and that the neighbors regularly drop their vehicles off at Ewing's home. He testified it is not unusual for people to leave their vehicles in Ewing's driveway for periods of time. Unless the owner calls him, Douglas does not know if a vehicle has been left there to be repaired. Douglas testified the stolen scooter had been sitting in the driveway in plain sight and was never moved. He never saw Ewing drive it. No one had performed any repairs on the scooter.

At the close of trial, the jury was given the following marshalling instruction without objection:

**Instruction No. 18**
The State must prove all of the following elements of Theft in the Second Degree:
1. A vehicle, a 2008 Zhongneng scooter belonging to Allen Simon, was stolen.
2. On or about the 31st day of October 2012, the defendant exercised control over the stolen vehicle.
3. The defendant knew the vehicle was stolen or had reasonable cause to believe that such property had been stolen.
4. The defendant did not intend to promptly return it to the owner or to deliver it to an appropriate public officer.
If the State has proved all of the elements, the defendant is guilty of Theft in the Second Degree. If the State has failed to prove any one of the elements, the defendant is not guilty of Theft in the Second Degree and you will then consider the charge of Operating a Motor Vehicle Without the Owner's Consent in Instruction No. 22.

The jury was further instructed in Jury Instruction No. 20: "If the State has proved by evidence beyond a reasonable doubt that the property was found in the defendant's possession, you may, but are not required to, conclude the

defendant knew or had reasonable cause to believe the property had been stolen."

The jury found Ewing guilty as charged. The court sentenced Ewing to a term of incarceration not to exceed five years.

## II. SCOPE OF REVIEW.

Because a claim of ineffective assistance of counsel implicates constitutional rights, our review is de novo. *Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999). We evaluate the totality of the circumstances in a de novo review. *Osborn v. State,* 573 N.W.2d 917, 920 (Iowa 1998).

## III. MERITS.

Ewing contends his trial counsel was ineffective in several respects. He alleges counsel erred in failing to (1) make an adequate motion for judgment of acquittal challenging the sufficiency of the evidence to prove he knew the property was stolen, (2) object to the marshalling instruction (Jury Instruction No. 18), and (3) object to the inference instruction (Jury Instruction No. 20).

To establish the ineffectiveness of trial counsel, Ewing must prove his attorney's performance fell below "an objective standard of reasonableness," and "the deficient performance prejudiced the defense." *See Strickland v. Washington,* 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). Prejudice is shown by a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *State v. Atwood,* 602 N.W.2d 775, 784 (Iowa 1999). The ineffective-assistance claims may be disposed of if Ewing fails to prove either prong. *See State v. Query,* 594 N.W.2d 438, 445 (Iowa Ct. App. 1999). While we often preserve ineffective-assistance

claims for a possible postconviction proceeding, we consider such claims on direct appeal if the record is sufficient. *State v. Casady,* 597 N.W.2d 801, 807 (Iowa 1999).

In deciding whether trial counsel failed to perform an essential duty, "we require more than a showing that trial strategy backfired or that another attorney would have prepared and tried the case somewhat differently. Petitioner must overcome a presumption that counsel is competent." *Taylor v. State*, 352 N.W.2d 683, 685 (Iowa 1985) (citations omitted). "Improvident trial strategy, miscalculated tactics, mistake, carelessness or inexperience do not necessarily amount to ineffective counsel." *State v. Aldape*, 307 N.W.2d 32, 42 (Iowa 1981). Therefore, the question is whether a reasonably competent attorney would have objected to the instructions as given.

In order to prove prejudice a defendant must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2069, 80 L. Ed. 2d at 698. A reasonably probability is a probability sufficient to undermine confidence in the outcome. *Id.*

### A. Motion for Judgment of Acquittal.

Ewing first contends his trial counsel was ineffective in failing to make a specific motion for judgment of acquittal on the basis there is insufficient evidence he knew the scooter was stolen. To convict a person of theft under section 714.1(4), the State is required to prove the defendant had *actual* knowledge the property was stolen. *See State v. Hutt*, 330 N.W.2d 788, 789-90 (Iowa 1983); *State v. Ogle*, 367 N.W.2d 289, 292 (Iowa Ct. App. 1985).

However, the jury was instructed Ewing had committed theft if he "knew the vehicle had been stolen *or had reasonable cause to believe that such property had been stolen*." (Emphasis added). While the State concedes the instruction is erroneous, it was not challenged and became the law of the case. *See State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988) ("Failure to timely object to an instruction not only waives the right to assert error on appeal, but also 'the instruction, right or wrong, becomes the law of the case.'" (citations omitted)). Therefore, we must consider whether sufficient evidence supports a finding Ewing knew the scooter was stolen or had reasonable cause to believe it had been stolen.

We view challenges to the sufficiency of the evidence in the light most favorable to the State. *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002). This includes all reasonable inferences that may be drawn from the evidence. *Id.* We consider all evidence, not just that of an inculpatory nature. *Id.*

We find the evidence is ample to allow a jury to find Ewing knew or had reasonable cause to believe the scooter had been stolen. The scooter was discovered parked in Ewing's driveway, where it had been for a couple of weeks. Ewing had the key to the scooter when he was arrested. Although Ewing claimed someone had left the scooter there, he did not provide that person's name. Ewing's brother testified he and Ewing do repairs on vehicles for people in the neighborhood and vehicles are frequently left at Ewing's home, but the jury was free to disbelieve his testimony and give it the weight it deemed the evidence should receive. *See State v. Thornton*, 498 N.W.2d 670, 674 (Iowa 1993).

Counsel has no duty to make a meritless motion. *State v. Rice*, N.W.2d 884, 888 (Iowa 1996). Because a motion for judgment of acquittal based on the sufficiency of the evidence proving Ewing knew or had reason to believe the scooter was stolen would not have succeeded, Ewing failed to establish his trial counsel was ineffective for this failure.

**B. Jury Instructions.**

Ewing also contends his counsel was ineffective in failing to object to the marshalling instruction and the jury instruction concerning inference.

As stated above, the marshalling instruction the court gave to the jury was flawed. Accordingly, trial counsel had a duty to object to it. Ewing could gain no possible advantage from submission of the erroneous instruction, which allowed the jury to convict him based on reasonable cause to believe the scooter had been stolen, rather than actual knowledge it had been stolen. Therefore, counsel's failure cannot be attributed to improvident trial strategy or misguided tactics. Because there is no reasonable basis for counsel's failure to object, we find trial counsel breached an essential duty by failing to object to the marshalling instruction.

We must then determine whether Ewing was prejudiced by counsel's failure. Error in jury instructions "is presumed prejudicial unless the contrary appears beyond a reasonable doubt from a review of the whole case." *State v. Bone*, 429 N.W.2d 123, 127 (Iowa 1988). As we have already determined, the evidence was sufficient to convict Ewing on the theory he had reason to believe the scooter was stolen. While the State argues the evidence supporting actual knowledge was strong, Ewing presented evidence, through his brother, that

explained how Ewing could have the scooter in his possession and not have actual knowledge it was stolen.

The fighting issue at trial was not whether Ewing had possession of the stolen scooter or whether he intended to promptly return it to its owner. The fighting issue was whether Ewing had knowledge the scooter was stolen. By failing to object to a marshalling instruction that allowed the jury to find Ewing guilty if he had reasonable cause to believe the scooter was stolen—a lesser burden than proof of actual knowledge—trial counsel breached an essential duty and Ewing was prejudiced. He is entitled to a new trial.

Ewing also challenges the inference instruction. Because we can resolve his appeal based on counsel's failure to object to the marshalling instruction, we need not reach this issue. We note, however, that the State concedes the inference instruction was also erroneous. We presume the same instruction will not be given in a new trial.

We reverse Ewing's judgment of conviction and sentence and remand for a new trial.

**REVERSED AND REMANDED.**