STATE of Iowa, Appellee,

v.

**Kongsavanh KEOPASAEUTH,**
**Appellant.**

No. 99–1960.

Supreme Court of Iowa.

June 12, 2002.

Christopher A. Kragnes, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael T. Hunter and Michelle Chenoweth, Assistant County Attorneys, for appellee.

CARTER, Justice.

Defendant appeals from the judgment and sentence entered following his convictions of assault causing serious injury, burglary in the second degree, two counts of assault with intent to cause serious injury, and criminal mischief in the fourth degree. Defendant contends the district court erred in denying his motion for judgment of acquittal, as there was insufficient evidence to support his convictions. Defendant further contends the district court abused its discretion by sentencing him to consecutive terms of imprisonment. The court of appeals disagreed and upheld the convictions and sentence. After reviewing the record and considering the arguments presented, we affirm the decision of the court of appeals and the judgment of the district court.

The evidence presented at trial was substantially as follows. On the evening of July 3, 1999, defendant Kongsavanh "Bobby" Keopasaeuth and three friends, Hac Lemvan, Loby Lovan, and Sourisack Praseuth, purchased bottled beer from the Oasis Liquor Store in Des Moines. While they were still at the liquor store, the victims, Morgan Wright, Morris Wright, and Michael Smith arrived in a truck to make a purchase. Lovan's sister and uncle also arrived at the store and parked next to the Wright truck.

While Morgan Wright was making the purchase, Morris Wright and Michael Smith made some sexually degrading comments to Lovan's sister. She informed her brother, defendant, and their companions about the comments. Lovan jumped on the hood of the truck and smashed the windshield. Defendant and Lemvan also attempted to hit Morris through the vehicle's open window. Following this altercation, defendant and his companions got into their vehicle and began to drive away. The Wright truck had driven out of the parking lot, but then circled back and rammed their car, breaking a taillight. Defendant and his friends sped away, pursued by the Wright truck.

The two groups eventually met up at a grocery store parking lot. Testimony differs as to which group ran toward the other; however, the two groups were involved in another altercation. Defendant and his companions admitted to throwing beer bottles at the victims. The fight progressed from the street to the sidewalk and finally into the grocery store parking lot. An off-duty policeman was able to break up the fight.

Morgan Wright had been hit in the forehead with a beer bottle, which caused a serious cut requiring twenty-two stitches. Michael Smith's front teeth had been knocked out by a beer bottle. Morris Wright had been stabbed twice with a broken beer bottle and went into profound shock. By the time he arrived at the hospital, he was at risk of death. The defendant was treated for a laceration on his hand, and Praseuth was treated for a bite wound. Additional facts relevant to the issues on appeal will be discussed in connection with the legal arguments that have been presented.

I. *Sufficiency of the Evidence to Support the Convictions.*

Challenges to the sufficiency of the evidence are reviewed for errors at

law. Iowa R.App. P. 6.4; *State v. Jacobs,* 607 N.W.2d 679, 682 (Iowa 2000). The court views the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. *Jacobs,* 607 N.W.2d at 682. All evidence is considered, not just that of an inculpatory nature. *Id.* A jury verdict is upheld if it is supported by substantial evidence. *Id.*

■ A. *Was there sufficient evidence to support the assault convictions?* The basis for defendant's argument is that there is no evidence he personally assaulted, or aided and abetted in the assault against the victims. Defendant further contends that, even if he did participate in the altercation, his actions were justified.

Iowa Code section 708.1(1) defines an assault as:

> Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

Alternatively, an assault can be an act intended to place a person in fear of "immediate physical contact which will be painful, injurious, insulting, or offensive." Iowa Code § 708.1(2).

■ At trial the State offered substantial testimony regarding defendant's participation in the altercation. All of the victims and several bystanders testified that defendant was actively involved in the fighting and throwing of beer bottles. Alternatively, conviction of a crime upon a theory of aiding and abetting requires sufficient evidence to show the person assented to or lent countenance and approval to the act by active participation in it or by encouraging it prior to or at the time of its commission. *State v. Doss,* 355 N.W.2d 874, 877–78 (Iowa 1984). Defendant's active

participation in the altercations could reasonably be construed as an assault or as assent to the acts committed by his companions.

■ We further reject defendant's contention that there was insufficient evidence to prove his actions were unjustified. While there was minimal testimony suggesting the victims provoked the altercations, the jury was free to reject that evidence and give credit to evidence offered by the prosecution to show that defendant and his associates were the aggressors. *See State v. Anderson,* 517 N.W.2d 208, 211 (Iowa 1994) (jury is free to reject certain evidence and credit conflicting evidence). The ultimate issue is whether, in viewing the record as a whole, a rational trier of fact could have found that the elements of the crime were established beyond a reasonable doubt. *Id.* We conclude that a rational trier of fact could have reached that conclusion.

■ B. *Was there sufficient evidence to support the burglary conviction?* The basic burglary statute provides:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure, such occupied structure not being open to the public . . . commits burglary.

Iowa Code § 713.1. Burglary in the second degree is burglary perpetrated in or upon an occupied structure in which one or more persons are present. Iowa Code § 713.5(2). Two of the victims, Michael Smith and Morris Wright, testified that defendant and one of his companions attempted to hit Morris through the open window of the truck while he was seated in the front seat. This was confirmed by the liquor store clerk who testified that she observed defendant or one of his companions on the driver's side of the Wright

truck punching someone through the driver's window.

■ An "entry" has been defined as "entering a structure with any part of the body, or with an instrument intended to be used to commit a felony, assault or theft." *State v. Nichols*, 572 N.W.2d 163, 164 (Iowa Ct.App.1997) (approving II Iowa Crim. Jury Instructions 1300.12 (1993)). An entry occurs even if a person merely breaks the plane of the threshold of the structure. *State v. Pace*, 602 N.W.2d 764, 773 (Iowa 1999).

> An "occupied structure" includes
> any building, structure, appurtenances to buildings and structures, land, water, or air vehicle, or similar place adapted for overnight accommodation of persons, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value.

Iowa Code § 702.12.

There is agreement among the members of the court that defendant in attempting to hit Morris did so with the intent to commit an assault. Three justices also conclude that in so doing defendant perpetrated an entry of an occupied structure. Three justices conclude that the evidence failed to establish the entry of an occupied structure. One justice takes no part in the decision. Consequently, defendant's conviction of burglary in the second degree is affirmed by operation of law by an equally divided court. *See* Iowa Code § 602.4107 (when court is equally divided, judgment of the court below shall stand affirmed).[1]

■ *C. The criminal-mischief conviction.* Although defendant asserts that his criminal-mischief conviction was also not supported by substantial evidence, he has made no argument to support that contention. Consequently, we consider his challenge to that conviction as waived. *See Hollingsworth v. Schminkey*, 553 N.W.2d 591, 596 (Iowa 1996) (failure to argue issue constitutes waiver of same).

## II. *Sentencing.*

■ Defendant contends that the sentencing judge overly emphasized the nature of the offense and defendant's prior criminal history and failed to consider other relevant sentencing factors. Defendant's argument on this point is premised on facts we believe the jury had to reject in order to convict defendant on the charges presented. The sentencing judge acknowledged having received the presentence-investigation report, which indicated a prior incarceration for a weapons conviction.

■ The State requested that consecutive sentences be imposed. The sentencing judge concluded that consecutive sentences were proper, imposed such sentences, and then stated his reasons for so doing on the record. Although the reasons do not need to be detailed, they must be sufficient to allow appellate review of the discretionary action. *Jacobs*, 607 N.W.2d at 690. The sentencing judge must also give reasons for imposing consecutive sentences. *Id.* Defendant argues that no reason was given for imposing consecutive sentences. We disagree. The State had argued to the court for consecutive sentences, consecutive sentences were imposed, and thereafter reasons for the sentence that had been pronounced were articulated.

In ordering that the sentences would run consecutively, the sentencing judge stated:

1. Justices Larson, Carter, and Ternus would affirm defendant's burglary conviction, while Chief Justice Lavorato, and Justices Neuman and Cady would reverse on that issue.

The question of whether you were defending yourself was presented to the jury. The jury disagreed. I do as well, and I believe there were opportunities for you to break this off. There were opportunities for you not to take beer bottles and use them as weapons.

I understand your view, [counsel], concerning the gentlemen that were involved in this incident, but it was precipitated by and accelerated by the conduct of your client. I think, although the prior conviction is an aggravated misdemeanor, it's a demonstration of willingness to use weapons, to be violent, and that's wrong, and I think there were adequate opportunities for your client to turn himself away from this, to try and persuade his companions away from this, and he did not.

. . . .

This sentence is premised upon the Defendant's past criminal history, the seriousness of this offense, and the opportunity the Court had to listen to this evidence and the defense that Mr. Keopasaeuth continues to maintain.

We conclude the district court provided sufficient reasons for imposing sentences of incarceration and ordering the sentences to run consecutively.

We have considered all arguments presented and conclude that the decision of the court of appeals and the judgment of the district court should be affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except STREIT, J., who takes no part.