**IN THE COURT OF APPEALS OF IOWA**

No. 15-0724
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CESAR RODRIGUEZ,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill,

Judge.

        Cesar Rodriguez appeals his sentence after pleading guilty to sexual

abuse in the third degree and lascivious acts with a child. **AFFRIMED.**

        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

Cesar Rodriguez appeals his sentence after pleading guilty to sexual abuse in the third degree and lascivious acts with a child. He argues the district court abused its discretion by imposing consecutive sentences rather than concurrent ones, given that he was a young man with consistent employment and no prior criminal record beyond driving without a license. We find the district court did not abuse its discretion and affirm the sentence imposed.

## I. Background Facts and Proceedings

On August 25, 2014, the State of Iowa filed a trial information charging Rodriguez with one count of sexual abuse in the second degree, a class "B" felony, and one count of sexual abuse in the third degree, a class "C" felony. The charges were based upon allegations Rodriguez, while he was living with a woman and her two daughters, had repeatedly gone to the girls' bedroom at night when he believed they were asleep and touched their genital areas. The girls were eleven and thirteen years old.

Rodriguez entered into a plea agreement with the State whereby he pled guilty to count two and to a newly-added third count of lascivious acts with a child, another class "C" felony. In exchange for the guilty plea on counts two and three, the State agreed to dismiss count one—the class "B" felony—at sentencing. The plea agreement allowed the parties to make whatever recommendations they wished at sentencing.

At sentencing, the State recommended Rodriguez be sentenced to ten years in prison for both counts, and asked the district court to make Rodriguez serve those sentences consecutively. The State based its recommendation on

the nature of the crimes committed and the fact Rodriguez had repeatedly harmed two different young victims as opposed to just one. Rodriguez asked for concurrent sentences, citing what his attorney characterized as "an unoffending life except for these two terrible incidents."

After considering the recommendations of both sides, the district court sentenced Rodriguez to two terms of imprisonment not to exceed ten years, to run consecutively. Regarding its decision to impose consecutive terms of imprisonment, the court stated:

> Having considered all of the relevant materials in this case, I hereby adjudicate the defendant guilty under count two of the offense of sexual abuse in the third degree, a class "C" felony; under count three, the offense of lascivious acts with a child, a class "C" felony.
> As a sanction for each of these offenses, the defendant is sentenced to be committed for an indeterminate term not to exceed ten years in prison and fined the minimum amount of $1,000.00. I'm going to suspend the fines on both counts.
> As for the prison terms, the information in this case and the offenses to which the defendant pled guilty, that he repeatedly, over a period of time, victimized two separate, young children, and because of the nature of the conduct, the court finds that the sentences should be run consecutively or back to back.
> That's the order of the court, that the two indeterminate terms of ten years will be run consecutively or back to back.
> . . . .
> In determining this sentence, I've considered the entirety of the presentence investigation report as corrected and amended here on the record today. I've considered the nature and circumstances of the offenses, the history and characteristics of the defendant, including his age and his prior confirmed criminal history, which is minimal. I have not considered any dismissed or unadjudicated allegations. I've considered the recommendations of both counsel, the recommendation of the presentence report preparer. I find that the sentence imposed offers the defendant the maximum opportunity for rehabilitation balanced against the extreme interest in protecting the community.

Rodriguez now appeals. He argues the district court abused its discretion by imposing consecutive sentences because it failed to take into account mitigating circumstances—his lack of a criminal history beyond driving without a license, his sincere and extensive apology, his young age of twenty-nine, and his consistent employment history—that militated against doing so.

## II. Standard of Review

When a district court imposes a sentence within statutory limits, we review its sentencing decisions for an abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor . . . ." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Therefore, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

## III. Analysis

We find the district court did not abuse its discretion by imposing consecutive sentences upon Rodriguez for the two separate and distinct crimes to which he pled guilty. The court explained it had considered all information contained in Rodriguez's presentence investigation report prior to making its decision, which included, among other things, his age and minimal criminal history. The court also gave its reasons for imposing consecutive sentences, and those reasons were sufficient. *See State v. Keopasaeuth*, 645 N.W.2d 637, 641–42 (Iowa 2002) (noting that a court's stated reasons for consecutive sentences need not be detailed, but must be sufficient to allow for appellate

review of the discretionary action).  The very nature of the sentencing process grants the district court discretion in choosing between sentencing options.  The district court did not abuse its discretion but rather made a reasoned choice to impose consecutive sentences rather than concurrent ones.

**AFFIRMED.**