# IN THE COURT OF APPEALS OF IOWA

No. 15-0893
Filed August 17, 2016

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**RICHARD ANTHONY ROLON,**
         Defendant-Appellant.
_____


Appeal from the Iowa District Court for Johnson County, Marsha Bergan, Judge.


Richard Rolon appeals from his convictions for burglary in the first degree and domestic abuse assault, second offense. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.


Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Richard Rolon appeals from his convictions, following jury trial, for first-degree burglary, in violation of Iowa Code section 713.1 and 713.3 (2013), and second-offense domestic abuse assault, in violation of sections 236.2, 708.2A(1), and 708.2A(3)(b). Rolon asserts trial counsel was ineffective in failing to object to prior bad acts evidence and prosecutorial misconduct, and contends there was insufficient evidence to support the finding that he intentionally or recklessly inflicted bodily injury for purposes of the first-degree burglary charge. Because trial counsel did not render ineffective assistance and there was sufficient evidence to support the first-degree burglary conviction, we affirm.

**I. Background Facts and Proceedings.**

Rolon's wife, Cassandra,[1] and two friends, Matt Vance and David Hahn, testified that on October 25, 2014, they were in a bedroom of the house where Cassandra was staying when suddenly the window shattered and glass shards fell throughout the room. Cassandra testified she then saw Rolon in the window and was frightened because he looked angry.

Rolon then went to the front door of the home, and Hahn testified that despite his efforts to hold the door shut and keep Rolon out of the house, Rolon barged through the door. Vance and Hahn attempted to prevent Rolon from reaching the bedroom where Cassandra had stayed—attempting to barricade herself in the room—but Rolon pushed his way to the bedroom door. Hahn later testified his hand was injured and he had some bumps and bruises as a result of

---

[1] Because the defendant and his wife, Cassandra Rolon, have the same last name, we will refer to Cassandra Rolon simply as "Cassandra."

his attempts to keep Rolon away from the bedroom. The bedroom door was opened, knocking Cassandra to the ground and lodging a piece of glass in her hand. Vance also cut his foot when he stepped on a piece of glass. Vance called the police, and officers arrived shortly thereafter.

On November 5, 2014, Rolon was charged by trial information with first-degree burglary and domestic abuse assault, second offense. After a jury trial held March 3-6, 2015, Rolon was convicted on both counts. Rolon filed a combined motion in arrest of judgment and motion for new trial on May 13, 2015, which was denied by the district court at the time of the sentencing hearing held May 18, 2015. Rolon now appeals.

## II. Ineffective-Assistance Claims.

Rolon first asserts trial counsel was ineffective in failing to object to prior bad acts evidence and to prosecutorial misconduct in rebuttal closing arguments.[2] We review ineffective-assistance-of-counsel claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [the defendant] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* Both deficient performance by trial counsel and prejudice must be shown. *State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

---

[2] Rolon also asserts the district court erred in denying his motion for new trial on the issue of prosecutorial misconduct in rebuttal closing arguments. However, Rolon concedes error was not properly preserved on this issue because trial counsel did not object to the statements during arguments. *See State v. Romeo*, 542 N.W.2d 543, 552 (Iowa 1996) ("Unless objection is made at the time of the argument, the defendant has waived his right to complain."). As such, we will address the prosecutorial-misconduct claim only in the context of an ineffective-assistance-of-counsel claim.

*A. Prior Bad Acts Evidence.* Rolon contends trial counsel rendered ineffective assistance by failing to object to the following line of questioning during redirect examination of Cassandra:

> Q. When [Rolon] has been violent with you in the past, did one of those times include punching you in the stomach when you were five to six months pregnant? A. Yes.
> Q. Was that a result of you not providing him your Facebook password? A. Yes.

Trial counsel objected to this line of questioning on the basis that it exceeded the scope of cross examination, but failed to object on the basis of Iowa Rule of Evidence 5.404(b).[3] The issue of admissibility of evidence of prior violence between Rolon and Cassandra was first raised in a motion in limine filed by the State. The motion was addressed by the court prior to the start of trial on March 3, 2015, at which time defense counsel agreed the prior bad acts evidence was admissible on the limited issue of Rolon's specific intent, but stated, "I don't want to say that there is absolutely no potential objection . . . ."

Often times, previous violence by the defendant upon "a person to whom he has an emotional attachment" is admissible under rule 5.404(b) because "the defendant's prior conduct directed to the victim of a crime, whether loving or violent, reveals the emotional relationship between the defendant and the victim and is highly probative of the defendant's probable motivation and intent in subsequent situations." *State v. Taylor*, 689 N.W.2d 116, 125 (Iowa 2004). In this case, prior evidence of violence by Rolon against Cassandra was probative

---

[3] Rule 5.404(b) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent . . . ."

of his specific intent to enter the home where she was staying to commit an assault, an element of burglary.  *See* Iowa Code § 713.1.  However, such evidence must be deemed "relevant to prove some fact or element in issue other than the defendant's criminal disposition," and "the court must then assess whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice."  *State v. Rodriquez*, 636 N.W.2d 234, 239-40 (Iowa 2001) (citations omitted).  Objection by trial counsel to the line of questioning on the basis of rule 5.404(b) was proper to obtain a determination as to the relevance and prejudice of the evidence.

Although an objection was proper, we find Rolon was not prejudiced by admission of the evidence in question because later in the trial Rolon testified he did not intend to hurt or assault anyone at any time on the night of the incident.  Thus, Rolon put his intent at the time of the crime at issue.  Moreover, this issue of whether Rolon had the specific intent to commit an assault was described by defense counsel in opening statements as "the issue in this case."

Additionally, there was evidence in the record other than Cassandra's testimony as to the prior violence to support Rolon's intent to assault or harm Cassandra and the other individuals present at the time he entered the residence.  The record reflects emails and Facebook messages sent by Rolon to Cassandra leading up to the incident; testimony of the other individuals present as to Rolon's actions and angry demeanor; and Cassandra's testimony that Rolon was controlling in their relationship and had been violent in the past.

Thus, even if trial counsel had a duty to object, counsel was not ineffective because Rolon was not prejudiced by the admission of the prior bad acts evidence.

*B. Prosecutorial Misconduct.* Rolon also asserts trial counsel was ineffective in failing to object to the following statements constituting prosecutorial misconduct made during the prosecutor's rebuttal closing argument:

> It is time to make sure that Mr. Rolon doesn't do this again to anyone else and doesn't put anyone else in the same position and threaten and commit an assault . . . . Please, make sure that [Cassandra] doesn't endure that again. Please, stop Mr. Rolon because he is not going to.

Rolon contends it was improper for the prosecutor to urge the jurors to convict him in order to prevent him from committing future assaults.

In order to establish a prosecutorial-misconduct claim, Rolon must show misconduct occurred and "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial." *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Where the record shows that either element is lacking, the ineffectiveness claim fails and we will affirm the conviction. *See id.* at 870.

It is improper for the prosecutor to "urge the jurors to convict the defendant in order to protect community values and prevent further criminal activity." *State v. Johnson*, 534 N.W.2d 118, 128 (Iowa Ct. App. 1995). However, we do not find the prosecutor's comments in this case resulted in prejudice to such an extent that Rolon was denied a fair trial.

In determining whether the prosecutorial misconduct deprived Rolon of a fair trial we consider "the whole trial, including the court's admonition to the jury," whether the incident of misconduct "was isolated or one of many," and "whether

the evidence against the defendant is strong." *State v. Greene*, 592 N.W.2d 24, 32 (Iowa 1999). In this case the prosecutor made only one improper comment—albeit in the State's rebuttal closing remarks. However, the evidence against Rolon was strong with three eyewitnesses, and the court instructed the jury that statements, arguments, and comments by the counsel were not evidence. We presume the jury followed the court's instructions. *See State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010). We find the misconduct did not result in prejudice to such an extent Rolon was denied a fair trial.

**III. Insufficient Evidence.**

Last, Rolon contends there was insufficient evidence to establish he intentionally or recklessly inflicted bodily injury for purposes of the first-degree burglary charge. We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. McCullah*, 787 N.W.2d 90, 93 (Iowa 2010). "We will uphold a trial court's denial of a motion for judgment of acquittal if the record contains substantial evidence supporting the defendant's conviction." *Id.*

On the issue of the sufficiency of the evidence, at the close of the state's evidence, the district court stated that there was "enough evidence to—for the jury to decide whether the defendant recklessly inflicted bodily injury by his actions." The court stated at the close of all of the evidence, "the court does find that both the charges should be presented to the jury." In both rulings the court considered the evidence in light most favorable to the state. *See State v. Keopasaeuth,* 645 N.W.2d 637, 639-40 (Iowa 2002) (noting in regard to challenges to the sufficiency of the evidence, the court views "the evidence in the

light most favorable to the State, including reasonable inferences that may be fairly drawn from the evidence").

We agree with the district court. Rolon's contention that he did not act with an intent to assault Cassandra or the other individuals on the night of the crime is inconsistent with the testimony of all the other individuals involved and the evidence of Rolon's actions on and before the date of the incident. The record reflects Rolon and Cassandra had a volatile relationship and messages from Rolon to Cassandra clearly indicate he was upset with her for leaving their home. The record also shows Rolon broke a window of the residence, entered the home without permission, and three people suffered bodily injuries as a result. We agree that shattering the glass window was a reckless act that created a high risk of danger and Rolon should have reasonably foreseen someone in the occupied residence might be harmed. The only evidence supporting Rolon's assertion that he did not have the requisite intent to harm anyone inside the home is his own testimony. The record contains substantial evidence supporting Rolon's conviction.

**IV. Conclusion.**

Because Rolon did not establish a claim for ineffective assistance based on trial counsel's failure to object to prior bad acts evidence and prosecutorial misconduct, and because we find the conviction is supported by substantial evidence, we affirm.

**AFFIRMED.**