# IN THE COURT OF APPEALS OF IOWA

No. 15-1851
Filed January 25, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ZACHARY SCOTT VULICH,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Hancock County, Colleen D. Weilend, Judge.

A defendant appeals his convictions and sentence. **CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Zachary Vulich appeals his convictions for one count of sexual abuse in the third degree, in violation of Iowa Code sections 709.1(1) and 709.4(1) (2013)[1], and one count of assault while using an object to penetrate the genitalia of another person, in violation of Iowa Code sections 708.1 and 708.2(5). Vulich asserts: (1) there was insufficient evidence to support his convictions, (2) his counsel was ineffective for failing to object to expert testimony that he claims impermissibly boosted the victim's credibility, (3) the district court erred in refusing to give two instructions he requested, and (4) the district court imposed an illegal sentence. Because we reject Vulich's claims regarding the sufficiency of the evidence, ineffective assistance of counsel, and his requested instructions, we affirm his convictions. However, we agree the district court imposed an inapplicable special sentence, and we vacate his sentence and remand for entry of a corrected sentencing order.

I.    Background Facts and Proceedings

On November 12, 2013, the complaining witness, who was sixteen years old at the time, went to Vulich's house with her older sister. After they arrived, the complaining witness played games on her phone while her older sister talked with Vulich. A short time later, the three were in the basement, and Vulich made sexually-suggestive comments to the complaining witness, including indicating he wanted to have a "three-way" with the complaining witness and her older

---

[1] It appears the district court incorrectly used the 2015 Iowa Code rather than the 2013 Iowa Code. However, the only difference between the code years involves a renumbering of the criminal statutes and had no substantive impact.

sister. The complaining witness told Vulich she did not like the comments and asked him to stop.

Later, the complaining witness was sitting in the living room while Vulich and the older sister were in the kitchen. Vulich and the older sister were dropping ice down each other's shirts and pants, and the older sister called the complaining witness into the kitchen. The complaining witness attempted to shove ice down Vulich's shirt. Then, Vulich shoved ice down the front of the complaining witness's shirt and pants, touching her skin. Despite the complaining witness's pleas to stop, Vulich pushed her to the floor, held her down with his arm while positioning his body to pin her to the floor, reached inside of her underwear, and shoved an ice cube into her vagina. Vulich also continued touching the complaining witness's vagina with his hand for a couple minutes. The complaining witness was screaming and telling Vulich to stop while this happened. Vulich then turned his attention to the older sister. A few minutes later, Vulich again shoved the complaining witness to the floor in the dining room and shoved ice inside her vagina. During the second occurrence, Vulich summoned the older sister to assist him by holding the complaining witness's arms down. After the complaining witness struggled to breath and nearly blacked out, Vulich got off of her. She quickly left the house.

On January 21, 2014, the State charged Vulich with two counts sexual abuse in the third degree, which was amended on December 21 to one count of sexual abuse in the third degree and one count of assault while using an object to penetrate the genitalia of another person. On September 10, 2015, a jury found Vulich guilty of both counts. On September 11, Vulich filed a motion for

new trial, which challenged the court's denial of his request for a consent instruction as well as an age-of-consent instruction. On November 3, after hearing the arguments of counsel, the court denied the motion for a new trial and sentenced Vulich to a term of imprisonment and lifetime supervision under Iowa Code chapter 903B. Vulich now appeals his convictions and sentence.

## II. Standard of Review

"Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). Issues involving jury instructions are reviewed for correction of errors at law. *State v. Anderson*, 636 N.W.2d 26, 30 (Iowa 2001). We also review the interpretation of a sentencing statute for errors at law. *State v. Boggs*, 741 N.W.2d 492, 498 (Iowa 2007).

## III. Sufficiency of the Evidence

Vulich claims the evidence was insufficient to support his conviction on either count. Specifically, he asserts there was not sufficient evidence to show his actions were against the complaining witness's will in order to support his conviction for sexual abuse in the third degree. He also asserts the evidence was not sufficient to show he intended to cause contact that was painful, injurious, or offensive in order to support his conviction for assault while using an object to penetrate the genitalia of another. The State disagrees on both counts.

"In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly

drawn from the evidence.'" *Sanford*, 814 N.W.2d at 615 (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002)). When substantial evidence exists to support the jury's verdict, the verdict will stand. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.* Further, credibility determinations are left to the jury, and the jury is free to accept or reject whichever evidence it chooses. *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

A. Sexual Abuse in the Third Degree

Iowa Code section 709.4 provides:

A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
(1) The act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person.

Vulich relies on the context of the situation and claims there was insufficient evidence his actions were "done by force or against the will" of the complaining witness. In support of his contention, Vulich points to the testimony of the older sister that the incident was just joking around and she would not have participated if she thought her sister was bothered by it.

Our review of the record indicates there is substantial evidence to support the jury's verdict. Except for minor differences regarding the sequence of events, the testimony of all the witnesses is consistent regarding what occurred. Therefore, it is essentially undisputed that the complaining witness was held down, struggled, and told Vulich to stop during the two incidents. The only

disputed issue turns on whether the complaining witness was serious—that is, that she did not want Vulich to touch her or was joking around or playing a game with Vulich. While the older sister testified that she thought the complaining witness was joking around, the complaining witness testified that the contact was unwelcomed and she attempted to make it clear several times by her resistance, pleas for help, and screams. The jury was free to evaluate the witnesses and determine which testimony was more credible. *See Thornton*, 498 N.W.2d at 673. Based on the record, the jury could have reasonably determined the complaining witness's testimony was more credible and combined that determination with the undisputed facts of the case to reach a guilty verdict. Accordingly, we conclude there was substantial evidence to support the jury's verdict of guilty of sexual abuse in the third degree, and we reject Vulich's claim of insufficient evidence.

B.     Assault While Using an Object to Penetrate the Genitalia of
       Another

Iowa Code section 708.1(2)(a) defines assault, in part, as "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." Further, Iowa Code section 708.2(5) provides: "A person who commits an assault, as defined in section 708.1, and who uses any object to penetrate the genitalia or anus of another person, is guilty of a class "C" felony." Vulich again relies on the older sister's testimony, along with his claim that the incident was playful and joking, to argue he did not specifically intend to

cause "contact which will be insulting or offensive to another." *See* Iowa Code § 708.1(2)(a).

In determining whether a person had the requisite intent to commit an assault, "an actor will ordinarily be viewed as intending the natural and probable consequences that usually follow from his or her voluntary act." *State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004). Further, "intent may be inferred from the circumstances surrounding the alleged assault." *Id.*

As discussed above, the facts and circumstances surrounding the alleged assault were essentially undisputed at trial. The only issue Vulich raised was whether the incident was serious or playful and, thus, in the context of the assault count, whether he had the requisite intent. Taking the undisputed facts, along with the complaining witness's testimony at trial, the jury could have reasoned that the natural result of Vulich's actions was to cause offensive contact. *See id.* Additionally, the jury could have inferred that the circumstances surrounding the alleged assault, including the complaining witness's testimony concerning her statements of discomfort, compromised ability to breath, physical attempts to resist, escalating verbal pleas to stop, and screams of resistance indicated Vulich—showing no inclination to stop—intended to cause offensive contact. *See id.* Accordingly, we conclude there was substantial evidence to support the jury's verdict of guilty on the assault count and reject Vulich's claim of insufficient evidence.

IV.    Ineffective Assistance of Counsel

Vulich asserts his counsel was ineffective in failing to object to testimony from the State's expert, which he claims impermissibly boosted the credibility of

the complaining witness. The State responds the expert did not improperly comment on the complaining witness's credibility and there was no prejudice.

When counsel's performance, measured against objective standards, falls below professional norms, counsel is considered ineffective. *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012). "In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal. . . . However, we depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). We are not always required to address both prongs of a claim of ineffective assistance of counsel. *Ledezma*, 626 N.W.2d at 142 ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

A defendant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, Vulich must demonstrate a reasonable probability he would not have been convicted, absent any breach of duty by his counsel.

Vulich takes issue with the State's expert's testimony regarding her interview with the complaining witness. Specifically, Vulich focuses on this portion:

> Q: All right. Now just to be clear, ma'am, you're not here to testify as to content of any statement made by [the complaining witness] during the interview; correct? A: Correct.

Q: You're also not here to render any professional opinion or opinion as to whether or not she was credible or truthful what she told you; right? A: Right. That's the job of the jury.

Q: And it's not your job to tell the jury whether or not they should believe her; right? A: Right.

Q: And you're also not here to tell the jury or express an opinion whether or not the defendant is guilty or not guilty, are you? A: No. I'm not here today to do that.

Q: That's also for the jury to decide; right? A: Yes.

Q: Now just to be clear, when an interview of a child is recorded, by law, you just can't come in here and play it; right? A: Right.

Q: You're not hiding anything; right? A: Right.

Q: It's just the law; right? A: Right.

Q: Okay. Do you remember how long the interview lasted? A: It was [sixty-one] minutes.

Q: And I just have a couple questions about the interview protocol that you explained earlier. Did you utilize those interview protocols when you interviewed [the complaining witness]? A: Yes, I did.

Q: Did you ask her questions in non-suggestive and non-leading ways then? A: Yes.

Q: And did you ask follow-up questions? A: Yes, I did.

Q: During the interview, was she able to describe events in a way that was consistent with her age and development? A: Yes.

Q: Did she provide you a consistent version of events? A: Yes.

Q: Did she use words that were appropriate for her age and development? A: Yes.

Q: Did she tell you how things felt, what she heard, et cetera? A: Yes.

Q: And you asked follow-up questions; is that right? A: Yes, I did.

Q: Was she able to provide you specific details about the people involved? A: Yes.

Q: A sequence of events? A: Yes.

Q: The location of events? A: Yes.

Q: Specific details of what occurred? A: Yes.

Q: Sensory details of what occurred, how things felt, et cetera? A: Yes.

Our review of the trial record indicates that Vulich was not prejudiced by any alleged improper comment by the State's expert. The jury's verdict necessarily turned largely on the credibility of the complaining witness balanced

against the credibility of Vulich's and other witness's version of events—specifically, whether the complaining witness's pleas to stop were serious or joking. The State's expert stated on multiple occasions that she was only testifying on the research and her experience regarding young victims, not on the truthfulness of this particular complaining witness. Much of the expert's testimony explained reasons why child victims' testimony can at times be inconsistent or confusing. However, the complaining witness was a teenager at the time of the incident; thus, the expert's testimony about child victims' testimony would not have necessarily affected the jury in this case. Rather, the jury had ample opportunity to assess the complaining witness's credibility during her testimony, which included a thorough cross-examination by defense counsel. Based on these facts, we conclude Vulich failed to demonstrate a reasonable probability he would not have been convicted, absent any alleged breach of duty by his counsel and reject his claim of ineffective assistance of counsel.

V.      Consent and Age-of-Consent Instructions

Vulich contends the district court erred in denying his request for a consent defense instruction on the assault charge and his request for an age-of-consent instruction on the sexual abuse charge. Vulich argues he was entitled to the consent instruction because his defense was based on his perception that the victim consented to the "ice fight" that occurred and, therefore, the jury should have been asked to decide whether the incident was a "social activity" that fell within the scope of the consent. He also claims he was entitled to the age-of-consent instruction to show the complaining witness was legally capable of consenting to the sexual touching. The State responds the incident was outside

the scope of the proposed consent instruction and the age-of-consent instruction is not applicable to either of the charges.

The consent instruction Vulich requested is codified by Iowa Code section 708.1(3)(a) and provides an act is not assault:

> [i]f the person doing any of the enumerated acts, and such other person, are voluntary participants in a sport, social or other activity, not in itself criminal, and such act is a reasonably foreseeable incident of such sport or activity, and does not create an unreasonable risk of serious injury or breach of the peace.

The district court denied Vulich's request to include the instruction because it concluded the incident here did not qualify as "a sport, social or other activity" for purposes of the statute and the repeated insertion of ice into the complaining witness's vagina was not "a reasonably foreseeable incident" of the "ice fight."

The legislature did not define "sport, social, or other activity" in the code, and our courts have yet to define the phrase. *See State v. Collier*, 372 N.W.2d 303, 305, 307 (Iowa Ct. App. 1985) ("We are hesitant to give a precise definition of this term and believe it is more appropriate that its meaning be interpreted on a case by case basis."). While we share the district court's skepticism that the incident here—labeled an "ice fight"—was something the legislature intended to qualify as a "sport, social, or other activity" under the code, we need not decide that issue because we agree with the court's conclusion that the assault was not "a reasonably foreseeable incident" of the "ice fight."

In *State v. Floyd*, our court rejected a defendant's request for a consent instruction when a fight broke out after a basketball game. 466 N.W.2d 919, 923 (Iowa Ct. App 1990). The court held that the victims were not "voluntary participants" for the purposes of the statute and questioned the reasonable

foreseeability of the assaults. *Id.* ("[W]e are not disposed toward finding that defendant's acts were 'reasonably foreseeable incident[s]' of basketball."). The court explained: "We need not go into detail in deciding what, if any, contact is 'incident' to basketball. . . . It strains the imagination and contorts the concept of foreseeability beyond recognition to assert that the brutal assaults carried out by defendant in this case could have been 'reasonably foreseeable incident[s].'" *Id.* (alteration in original).

We believe the same reasoning applies in this case. Even assuming the complaining witness was a voluntary participant "in a sport, social or other activity"—an "ice fight"—we do not find the subsequent assault was a "reasonably foreseeable incident" of the ice fight. *See id.* "It strains the imagination and contorts the concept of foreseeability beyond recognition to assert that" pushing the complaining witness to the floor, holding her down, reaching into her pants, inserting an ice cube into her vagina, and fondling her vagina was a reasonably foreseeable incident to the ice fight. *See id.* Thus, we agree with the district court that Vulich was not entitled to a consent instruction.

We also agree with the district court Vulich was not entitled to an age-of-consent instruction. The district court correctly noted: "The [S]tate is not arguing that she was incapable of consent. . . . It's not part of the elements. I don't think there's any requirement or necessity for having it in the instructions." We agree that such an instruction was uncalled for under the elements of the charges and affirm the district court's refusal to give it.

VI.    Sentencing

Vulich asserts the district court erred in imposing a special sentence of lifetime supervision for the assault count, pursuant to Iowa Code chapter 903B. The State concedes that the special sentence was not applicable to the assault conviction.  We agree.  *See* Iowa Code § 903B.1.  Therefore, we vacate the special-sentence provision as to the assault conviction and remand for a corrected sentencing order.

VII.    Conclusion

Because we reject Vulich's claims regarding the sufficiency of the evidence, the requested instructions, and ineffective assistance of counsel, we affirm his convictions.    However, because the lifetime supervision special sentence was inapplicable to the assault conviction, we vacate that portion of his sentence and remand for entry of a corrected sentencing order.

**CONVICTIONS AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**