# IN THE COURT OF APPEALS OF IOWA

No. 16-0957
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARCUS ANTINO HALL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        A defendant appeals his convictions for eluding and operating while intoxicated. **AFFIRMED.**



        Heidi M. Young of Parrish Kruidenier Dunn Boles Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.



        Considered by Doyle, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Marcus Hall appeals his convictions for one count of eluding, in violation of Iowa Code section 321.279(3) (2015), and one count of operating while intoxicated, in violation of Iowa Code section 321J.2(2)(a). Hall claims the district court erred in denying his motion to suppress and in denying his motion for judgment of acquittal. Specifically, Hall argues law enforcement did not have a valid reason to stop his vehicle and there was insufficient evidence to support his convictions. We find there was probable cause to stop Hall's vehicle and sufficient evidence to support his convictions. We affirm.

## I.     Background Facts and Proceedings

On September 18, 2015, a law enforcement officer in Des Moines noticed a gold sedan, driven by Hall, had a malfunctioning brake light. The officer activated his emergency lights and attempted to initiate a traffic stop, but Hall did not stop. The officer continued to pursue Hall's vehicle and was joined by a trooper from the Iowa State Patrol. During the pursuit, the officer observed Hall commit several other traffic violations, including failure to yield to an emergency vehicle, eluding, speeding, and reckless driving. Eventually, Hall stopped at a parking lot of the apartment complex where he lived, and the officers took him into custody.

On October 13, the State charged Hall with one count of eluding, one count of operating while intoxicated, and one count of driving while barred, in violation of Iowa Code section 321.561.[1]  Hall filed a motion to suppress,

---

[1] Hall pled guilty to the driving-while-barred charge but proceeded to trial on the other two charges.

claiming the officer lacked either probable cause or reasonable suspicion to stop his vehicle. Specifically, Hall stated the brake light the officer claimed was malfunctioning was functioning properly on the night of the pursuit. On January 21, 2016, the district court denied Hall's motion to suppress. Following trial, the jury found Hall guilty on both counts. Following the verdict, Hall renewed his prior motion for judgment of acquittal, asserting there was insufficient evidence to support the jury's verdicts. The court denied the motion. Hall appeals.

## II.    Standard of Review

Our review of motions to suppress based on federal and state constitutional grounds is de novo. *State v. Lane*, 726 N.W.2d 371, 377 (Iowa 2007). "This review requires 'an independent evaluation of the totality of the circumstances as shown by the entire record.'" *Id.* (quoting *State v. Turner*, 630 N.W.2d 601, 606 (Iowa 2001)). Because the district court had the opportunity to assess the credibility of witnesses, we give deference to its factual findings, but we are not bound by them. *Id.*

We review claims of insufficient evidence for errors at law. *State v. Sanford*, 814 N.W.2d 611, 614–15 (Iowa 2012). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* at 615 (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)).

## III.    Motion to Suppress

Hall claims the district court erred in denying his motion to suppress because the initial officer lacked either probable cause or reasonable suspicion

to stop his vehicle. Specifically, he claims his brake lights were functioning properly on the night of the stop. The State contends Hall was not seized and even if he was, the officer had probable cause to believe that Hall had committed a traffic violation.

"Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government." *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). Although claims under our state constitution may be evaluated independently from federal claims, typically we "apply the general standards as outlined by the United States Supreme Court for addressing a search and seizure challenge under the Iowa Constitution."[2] *Id.* at 291–92.

The protections of the Fourth Amendment are triggered when law enforcement seizes a person. *State v. Pals*, 805 N.W.2d 767, 773 (Iowa 2011). A person is seized for the purposes of the Fourth Amendment "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 20 n.16 (1968). The United States Supreme Court has also stated that a seizure occurs when "a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "Whether a 'seizure' occurred is determined by the totality of the circumstances." *State v. Wilkes*, 756 N.W.2d 838, 842 (Iowa 2008).

---

[2] *See Tyler*, 830 N.W.2d at 291–92 ("Where a party raises both state and federal constitutional claims but does not argue that a standard independent of the federal approach should be employed under the state constitution, we ordinarily apply the substantive federal standards but reserve the right to apply the standard in a fashion different from federal precedent.").

Based on the totality of the circumstances in this case, we conclude Hall was seized at the moment the officer activated his emergency lights and attempted to initiate a traffic stop. The officer's activation of his lights was a show of authority in an attempt to restrain Hall's movement by getting him to pull over. *See Terry,* 392 U.S. at 20 n.16; *State v. Harlan*, 301 N.W.2d 717, 720 (Iowa 1981) ("The use of sirens, flashing lights or other signals to pull a moving vehicle to the side of the road might also constitute a show of authority that is a seizure."). From that moment on a reasonable person would not have felt free to leave. *See Mendenhall*, 446 U.S. at 554.

"As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Pals*, 805 N.W.2d at 773. Whether probable cause existed to justify a stop is evaluated against an objective standard. *See State v. Tague*, 676 N.W.2d 197, 201 (2004). "The State has the burden to prove by a preponderance of the evidence that the officer had probable cause to stop the vehicle." *Id.*

"When a peace officer observes a violation of our traffic laws, however minor, the officer has probable cause to stop a motorist." *Id.* Iowa Code section 321.387 states:

> Every motor vehicle and every vehicle which is being drawn at the end of a train of vehicles shall be equipped with a lighted rear lamp or lamps, exhibiting a red light plainly visible from a distance of five hundred feet to the rear. All lamps and lighting equipment originally manufactured on a motor vehicle shall be kept in working condition or shall be replaced with equivalent equipment.

At the suppression hearing, the officer testified:

> Iowa Code 321.387 requires that any lightbulb originally manufactured on a vehicle must be in working order. So to refer to the picture, if the Court would look at the right brake light as opposed to the left—or compared to the left, the right side illumination appears nearly twice as large. And that would be because there is two brake lights that illuminate on the Mercury Grand Marquis. That's this type of vehicle.
>
> There's two bulbs inside of that brake light each, two on the left and two on the right. So on the left-hand side, one of those bulbs is either burned out or malfunctioning for some reason. Either way, one of the lamps inside that brake light on the driver's side is not working.

Finding no credible contradiction of the officer's testimony, we conclude the officer had probable cause to believe Hall had committed a traffic violation and the stop was justified.[3] *See Tague*, 676 N.W.2d at 201.

## IV. Sufficiency of the Evidence

Hall claims there was insufficient evidence to support his convictions for eluding and operating while intoxicated. We disagree.

Our review of the record indicates sufficient evidence to support the jury's verdict on both counts. Iowa Code section 321J.2(2)(a) states that a person commits a serious misdemeanor when "1. A person commits the offense of operating while intoxicated if the person operates a motor vehicle in this state in any of the following conditions: a. While under the influence of an alcoholic beverage or other drug or a combination of such substances." Iowa Code § 321J.2(1)(a). At trial, three law enforcement officers testified about their observations of Hall. Their testimony included erratic driving, the smell of marijuana on Hall, watery eyes, and dilated pupils. Hall also admitted to the

---

[3] Our review of the dash-cam recordings are inconclusive as to the brake light issue. While certain vantage points appear to show the driver's-side rear brake light working, other vantage points appear to show one bulb malfunctioning.

officers he was smoking marijuana earlier during the day of the incident. Additionally, one of the officers performed a twelve-step examination of Hall and determined he was under the influence of a form of cannabis. Hall offered alternative explanations at trial, but the jury was free to believe the officers over Hall. *See Sanford*, 814 N.W.2d at 615 ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence.").

Iowa Code section 321.279 (3) provides:

> The driver of a motor vehicle commits a class "D" felony if the driver willfully fails to bring the motor vehicle to a stop or otherwise eludes or attempts to elude a marked official law enforcement vehicle that is driven by a uniformed peace officer after being given a visual and audible signal as provided in this section, and in doing so exceeds the speed limit by twenty-five miles per hour or more, and if any of the following occurs:
> a. The driver is participating in a public offense, as defined in section 702.13, that is a felony.
> b. The driver is in violation of section 321J.2 or 124.401.
> c. The offense results in bodily injury to a person other than the driver.

At trial, one officer testified that his vehicle was marked, and both officers testified that they were in uniform. They testified that Hall was the driver and he exceeded eighty miles per hour in a thirty miles per hour speed zone at one point. Finally, the officers testified about their reasons for concluding Hall was under the influence of a controlled substance or drug in violation of Iowa Code section 321J.2. Much of the officers' testimony was confirmed by the video recordings of the pursuits that were shown to the jury. When evaluating the record in the light most favorable to the State, as we are required to do, we conclude the jury's verdicts were supported by sufficient evidence. *See Sanford*,

814 N.W.2d at 615 (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)).  We affirm the district court.

**AFFIRMED.**