## IN THE COURT OF APPEALS OF IOWA

No. 17-0717
Filed March 7, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**LARRY SHANNON,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, Monica L. Wittig,

Judge.

A defendant appeals his conviction for operating while intoxicated.

**AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, Judge.**

Larry Shannon was convicted of operating while intoxicated (OWI), second offense, in violation of Iowa Code section 321J.2(1)(a) (2016). Shannon argues the State presented insufficient evidence to prove he drove under the influence of a drug.

## I.     Background Facts and Proceedings.

Shannon was stopped on August 1, 2016, by Deputy Sheriff Austin Westphal. Westphal knew the vehicle to be Shannon's and knew Shannon was barred from driving. Westphal activated his emergency lights and observed Shannon tapping his breaks and taking longer than usual to pull over.

Westphal approached the vehicle, shouting at Shannon to put his hands on the steering wheel and open the door. Shannon did not comply but drank from a Gatorade bottle and used his cell phone. Deputy Ben Ward arrived and also encouraged Shannon to exit the vehicle. Shannon continued to drink almost the entire bottle of Gatorade. When the officers advised Shannon they would break the window to take him into custody if he did not exit the vehicle, Shannon exited the vehicle.

The officers handcuffed Shannon and made several observations: Shannon's arms were very tense, his body temperature was elevated, and he was clenching his fists, sweating profusely, grinding his teeth, acting restless, and swaying. Shannon had a dry mouth and eyelid tremors, and in the police vehicle, his feet involuntarily twitched.

The officers asked Shannon if he had anything in his pockets, and Shannon told them he had ten thousand dollars in cash on him. The officers searched

Shannon and found only a few hundred dollars in cash. The officers performed an inventory search of Shannon's vehicle and found broken shards of glass on the driver's seat.

Westphal transported Shannon to the Buchanan County Jail. Based on his training and observation, Westphal believed Shannon to be substance-impaired. Westphal asked Shannon to perform several field sobriety tests. Shannon passed the horizontal gaze nystagmus test, which tests for alcohol-related impairments. Shannon refused to complete the walk-and-turn test and the one-legged stand test because he has "bad feet." Shannon performed the modified Rhomberg test, which tests an individual's internal clock. Shannon was asked to close his eyes and indicate when thirty seconds had passed. Shannon reported thirty seconds had passed when only twenty-two seconds had passed, an indication of impairment. Shannon passed a breath test for alcohol but refused to provide a urine specimen.

Shannon was charged with operating while intoxicated, driving while barred, and driving while revoked. He waived a jury trial, and the matter was tried to the court. In November 2016, the district court found Shannon guilty on all counts and sentenced him on the OWI conviction to a two-year prison term and time served on the other two convictions. Shannon appeals his conviction for operating while intoxicated.

## II.     Standard of Review.

"Challenges to the sufficiency of the evidence are reviewed for corrections of errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002). The court views the evidence in the light most favorable to the State, including all

reasonable inferences that may be fairly drawn from the evidence. *Id.* All evidence is considered, not just that of an inculpatory nature. *Id.* "[W]e will uphold a verdict if substantial record evidence supports it." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (citation omitted). Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational factfinder the defendant is guilty beyond a reasonable doubt. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "Evidence that only raises suspicion, speculation or conjecture is not substantial." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa 2000).

### III. Discussion.

Iowa Code section 321J.2 requires the State to prove Shannon operated a motor vehicle in Iowa "while under the influence of a[] . . . drug." Shannon contests whether the State presented sufficient evidence he was under the influence of a drug. "We have held that a person is under the influence when the consumption of alcohol [or drugs] affects the person's reasoning or mental ability, impairs a person's judgment, visibly excites a person's emotions, or causes a person to lose control of bodily actions." *State v. Gordon*, No. 15-2038, 2017 WL 5185401, at *3 (Iowa Ct. App. Nov. 8, 2017) (citing *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004)) (holding erratic driving substantial evidence of drug use); *see also State v. Vesey*, No. 12-1753, 2013 WL 4504915, at *3 (Iowa Ct. App. Aug. 21, 2013) (holding erratic driving, watery bloodshot eyes, and slurred speech substantial evidence of drug use).

Shannon argues there is not substantial evidence to support that he ingested drugs or that his judgment was impaired by the ingestion of drugs. Both officers testified, without objection as to their qualifications, as to their general

impaired driving training and their specific training on drug impairment—Impaired Driving and Advanced Roadside Impairment (ARIDE) training. Based on that training, Deputy Westphal testified Shannon's conduct when pulled over displayed impaired judgment: Shannon took an unusually long time to stop, refused the officer's commands, and quickly drank a bottle of Gatorade. Deputy Westphal testified he also observed several physical signs of impairment: Shannon was grinding his jaw and teeth, his wrists were tense, he fidgeted constantly, he involuntarily twitched, had a high body temperature, and had a dry mouth after drinking liquid. Finally, Deputy Westphal testified based on his training, Shannon's performance on the modified Rhomberg test indicated drug impairment. Shannon argues the officers are not certified drug recognition experts. The State presented sufficient evidence to prove Shannon was under the influence of a drug when he was pulled over.

**AFFIRMED.**