# IN THE COURT OF APPEALS OF IOWA

No. 22-1020
Filed August 7, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KEVIN RASHAWN LEE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright, Judge.

Defendant appeals his convictions for murder in the first degree and domestic abuse assault with a dangerous weapon. **AFFIRMED.**

Heidi Miller of The Law Office of Heidi Miller, Pleasantville, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Buller, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**SCHUMACHER, Presiding Judge.**

Kevin Lee appeals his convictions for murder in the first degree and domestic abuse assault with a dangerous weapon. His sole challenge on appeal is to the sufficiency of the evidence to support the convictions.

## I.     Background Facts and Prior Proceedings

"They shot my bitch, and they shot me." Lee blamed a botched robbery and three unknown assailants for the death of his girlfriend and his own injury. But a Des Moines County jury rejected that argument, convicting Lee of murder in the first degree and domestic abuse assault with a dangerous weapon.

A reasonable jury could find the facts below from the evidence presented at trial. On the night of November 11, 2020, neighbors to the house where Lee was staying sensed something was wrong. One neighbor heard a gunshot around 10:15 p.m. and ten or fifteen minutes later he heard a second shot. He also heard dogs barking. But seeing nothing out of the ordinary outside, he did not call 911. Around the same time, another neighbor awoke to the sound of barking dogs. Not long after, there was a loud knock at the neighbor's door. When she opened the door, she found Lee, naked and in a panic. Lee told her that intruders had shot both him and his girlfriend. This second neighbor called 911.

When law enforcement arrived, they observed Lee running from the neighbor's house, and they gave chase, following him back into the home where he was staying. Inside, they found Lee "angry," "very aggressive," "loud," and "borderline erratic." He was lying on top of his girlfriend. His girlfriend had a gunshot wound to the top of the bridge of her nose, or between her eyes. Her injury was determined to be incompatible with life. Lee had a gunshot wound to

his hand. They ordered Lee to the ground, and he was handcuffed. Lee maintained that the injuries were inflicted by three individuals he did not recognize.

Lee was formally arrested early the next morning and charged with murder in the first degree, a class "A" felony, and domestic abuse assault with a dangerous weapon, an aggravated misdemeanor. When interviewed, Lee provided the following version of events. Lee was in the bathroom when he heard his girlfriend let someone into their home. He heard a "pop." He looked out of the bathroom and saw three individuals in the living room. One of the individuals fired a gun at him from across the room, striking him in the hand. Lee claimed he gave chase but, unable to keep up with the assailants, he went to his neighbor's home to report the shootings.

The State elicited testimony at trial that Lee's wound was consistent with a gunshot from a weapon in contact with his hand. The officer that handcuffed Lee also observed burn marks on Lee's hand. And law enforcement discovered a gun, which belonged to Lee's girlfriend, inside the home with blood from the girlfriend and Lee. It was later determined that the shots that killed Lee's girlfriend and caused Lee's injury were fired from this weapon. Bullet holes were found in the wall of the living room, a location distinct from where Lee claimed he was shot. Officers also observed the front door appeared to have been kicked in, though Lee told officers he assumed his girlfriend let the intruders into the home. Two DNA profiles were developed for the slide and the grip of the gun. The first profile was determined to be Lee's girlfriend's DNA; the second profile could not be determined based on an insufficient sample.

The jury found Lee guilty of murder in the first degree and domestic abuse assault with a dangerous weapon. The district court merged the domestic abuse assault with a dangerous weapon charge into the first-degree murder conviction. Lee was sentenced to life in prison without the possibility of parole. He appeals.

## II. Standard of Review

"We review sufficiency of the evidence claims for correction of errors at law." *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). To determine whether the verdict is supported by sufficient evidence, "we examine whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record." *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011). Evidence is substantial "when it would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Id.*

## III. Sufficiency of the Evidence

Lee argues the State presented insufficient evidence to convict him of either murder in the first degree or domestic abuse assault with a dangerous weapon. Because the domestic abuse conviction merged into the murder conviction, and we find sufficient evidence existed for the murder conviction, we limit our discussion to that conviction.[1]

In challenging his murder conviction, Lee argues there was insufficient evidence to show that he shot and killed his girlfriend. In support of his argument that he was not the shooter, Lee points to a few specific pieces of evidence, including that his DNA was not identified on the slide or grip of the gun used to

---

[1] We express no opinion on the merger of Lee's convictions, as the issue was not contested below or briefed on appeal.

shoot him and his girlfriend, phone records that Lee claimed proved he was on the phone at the time his girlfriend was killed, his alleged presence in the bathroom at the time he heard a shot, and that he maintained his innocence throughout trial.

But this evidence is contradicted by much of the other evidence presented at trial, and we consider the entire record in our analysis. *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002) ("The ultimate issue is whether, in viewing the record as a whole, a rational trier of fact could have found that the elements of the crime were established beyond a reasonable doubt."). And "[w]e view the evidence in the light most favorable to the State, 'including legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017) (quoting *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005)).

A neighbor testified he heard the gunshots ten to fifteen minutes apart. The gun used to shoot Lee and his girlfriend was owned by his girlfriend, and it was found in the home. Blood from both Lee and his girlfriend was found on towels in the bathroom. Evidence showed the injury to Lee's hand was received from a firearm in contact with the skin. There were bullet holes in the wall away from where Lee claimed he was shot. The front door was kicked in.

In sufficiency challenges, we are mindful of our role as an appellate court. It was up to the jury to determine the credibility of the witnesses at trial. *State v. Dudley*, 856 N.W.2d 668, 677 (Iowa 2014) ("In our system of justice, it is the jury's function to determine the credibility of a witness."); *Keopasaeuth*, 645 N.W.2d at 640. And "we are highly deferential to the jury's verdict." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). The evidence presented at trial, when viewed in

the light most favorable to the state, provided substantial evidence for the finder of fact to determine Lee's guilt beyond a reasonable doubt. *See id.* We therefore cannot overturn the jury's verdict. *Id.* ("The jury's verdict binds this court if the verdict is supported by substantial evidence."). Lee cannot prevail on his challenge to the sufficiency of the evidence. Accordingly, we affirm.

**AFFIRMED.**