# IN THE COURT OF APPEALS OF IOWA

No. 16-0443
Filed May 3, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JERRY LEON THOMPSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A defendant challenges his conviction. **AFFIRMED.**

Jerry L. Thompson, pro se, for appellant.

Molly E. Alley of Oliver Gravett Law Firm, P.C., Windsor Heights, for appellant (until withdrawal).

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Jerry Thompson appeals his conviction for child endangerment resulting in bodily injury, in violation of Iowa Code section 726.6(6) (2015).[1] Specifically, Thompson claims the district court erred by not granting his motion for a judgment of acquittal because there was insufficient evidence to support the conviction. Thompson also asserts his counsel was ineffective in failing to request a jury instruction that defined "unreasonable force." Because we conclude there was sufficient evidence to support the verdict, we affirm Thompson's conviction. However, because the factual record relevant to Thompson's claim of ineffective assistance of counsel is not fully developed, we preserve that claim for a postconviction action.

## I.    Background Facts and Proceedings

On July 9, 2015, the State charged Thompson with one count of child endangerment resulting in bodily injury. The charge stemmed from an incident in which Thompson used a belt to strike his thirteen–year-old daughter multiple times. At trial, the victim testified she and her older sister were staying at Thompson's house for a regularly-scheduled weekend visitation on May 16, 2015. At some point, the victim and Thompson had a disagreement, and in an apparent attempt to discipline or control his daughter, Thompson entered her room with a belt and struck her with it several times across the legs. The victim's sister was sleeping in the room when the incident occurred and testified that she woke up while Thompson was striking the victim. According to the victim, the

---

[1] Thompson also pled guilty to failure to appear at the sentencing for the child-endangerment conviction. On appeal, he did not raise any issue relating to that conviction; thus, we will not address it further.

belt strikes left visible red marks and bruises on the her legs for several days. The district court denied Thompson's motion for judgement of acquittal.

Thompson generally admitted the substance of the allegations. His defense at trial was that his actions were appropriate parental discipline under the circumstances and the force he used was reasonable. He testified he initially brought the belt into the room as a deterrent and he did not strike the victim with full force. He continued:

> Q. Okay. And so you said you were using the belt to try to stop her from kicking you? A. Well, I really—the thing is, she is stronger than what she looks like. I really couldn't get it—I couldn't really get in any good whacks. It was just—to me, I know my strength, and my daughter is my daughter, so I'm not going in with the intention of trying to kill my daughter. And I don't want to beat her, you know, to a pulp or anything like that. It—
> Q. Were you trying to intentionally hit her? A. Initially, no. It was my—it was my intent to get her to go to bed and just wait until the morning.
> Q. Were you using anything you would characterize as full force? A. No.
> Q. Were you using anything that you would characterize as unreasonable force? A. No. And I tell you why. I'm 200 pounds, and I can bench 200 pounds. And if I hit my daughters with full force with that belt, the welts would have been really bad. I would never have tried to go in and beat my daughter like she's a grown man.

On November 3, the jury found Thompson guilty. Thompson appeals.

## II.      Standard of Review

We review claims of insufficient evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). When a claim of ineffective assistance of counsel is raised on direct appeal, we must determine whether the record is adequate to address the

claim before proceeding to the merits. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

### III.    Sufficiency of the Evidence

Thompson asserts there was insufficient evidence to support his conviction for child endangerment resulting in bodily injury. He argues his actions were lawful corporal punishment administered by a parent and the record does not support the conclusion his actions were unreasonable. In response, the State contends the jury was free to believe the victim over Thompson and conclude his use of force was unreasonable.[2]

"In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Sanford*, 814 N.W.2d at 615 (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002)). The jury's verdict will not be disturbed if it is supported by substantial evidence, that is, if the evidence in the record "can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

Iowa Code section 726.6(1)(b) provides:

1. A person who is the parent . . . [of] a child . . . commits child endangerment when the person does any of the following:

---

[2] The State also disputes whether Thompson preserved error on this specific claim in his motion for judgment of acquittal. We conclude the issue was adequately presented to and ruled upon by the district court after the motion for judgment of acquittal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

> b. By an intentional act or series of intentional acts, uses unreasonable force, torture or cruelty that results in bodily injury, or that is intended to cause serious injury.

Iowa Code section 726.6(6) makes the crime of child endangerment resulting in bodily injury a "D" felony. Iowa law recognizes parents' rights to use corporal punishment on their child, "but that right is restricted by moderation and reasonableness." *State v. Arnold*, 543 N.W.2d 600, 603 (Iowa 1996). When a parent exceeds these restrictions, "his or her conduct becomes criminal." *Id.* "The proper test is whether, under the particular circumstances, the amount of force used or the means employed by the parent rendered such punishment abusive rather than corrective in character." *Id.* What constitutes unreasonable force "necessarily varies with the age, physical condition, and other characteristics of a child as well as with the gravity of the child's misconduct." *Id.*

At trial, the jury heard testimony from the victim detailing the incident and the injuries she suffered. They also heard the victim's sister describe her eyewitness view of the incident. The department of human services (DHS) worker testified that marks and bruises were visible on the victim's legs more than thirty-six hours after the incident, and the photographs of the injuries taken by the worker were presented to the jury. Finally, Thompson testified about the incident. Thompson's actions—striking the victim with a belt multiple times—were undisputed. However, Thompson disputed the degree of force used and whether he actually landed any "good whacks." Thompson also disputed the level of injuries the victim suffered.

Regarding the testimonial dispute over the force being used, the jury could have believed the victim's and the sister's testimony over Thompson's and

concluded the force was unreasonable. *See Sanford*, 814 N.W.2d at 615 ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." (quoting *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006))). Further, the jury could have accorded weight to the DHS worker's testimony about the injuries and used its own judgment in observing the photographs to conclude the use of force by Thompson was unreasonable. *See Arnold*, 543 N.W.2d at 603 (holding testimony about the severity of injuries supported a finding of unreasonable force). Based on our review of the record, we conclude there was sufficient evidence to support the jury's verdict.

### IV. Ineffective Assistance of Counsel

Thompson next argues his counsel was ineffective for failing to request a jury instruction that defined "unreasonable force" or object to the fact the instructions submitted to the jury did not contain an "unreasonable force" instruction. He claims this failure caused confusion for the jury and prejudiced him. The State disagrees.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Claims of ineffective assistance of counsel are usually preserved for postconviction proceedings. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). "That is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999).

Because we conclude the record is not adequate to address Thompson's claim of ineffective assistance of counsel, we preserve that claim for a possible postconviction action.

**V.      Conclusion**

We conclude there was sufficient evidence in the record to support the jury's verdict and affirm Thompson's conviction.  However, because the factual record relevant to Thompson's claim of ineffective assistance of counsel is not fully developed, we preserve that claim for a postconviction action.

**AFFIRMED.**

Vaitheswaran, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, Chief Judge.** (concurring specially)

I specially concur under these facts as I agree there was substantial evidence to support the jury's verdict. I add that although Thompson contended he did not use unreasonable force, our supreme court has observed, "[t]he laws of physics are such that when even a moderate degree of force is administered through an instrument that makes contact with only a small area of the body, the pressure visited upon that point may be more than will reasonably be anticipated." *Hildreth v. Iowa Dep't of Human Servs.*, 550 N.W.2d 157, 160 (Iowa 1996). And a jury could conclude that even a moderate degree of force with an instrument may be an unreasonable force when a visible bodily injury is inflicted. Here, there was substantial evidence to support the jury's verdict as Thompson used a belt several times and the marks he inflicted existed for several days.