# IN THE COURT OF APPEALS OF IOWA

No. 17-0332
Filed April 18, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**YOLANDA DRAINE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

The defendant appeals from her convictions and sentences for willful injury causing serious injury, domestic abuse assault with intent to cause serious injury while using a dangerous weapon, and leaving the scene of a personal injury accident. **CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria L. Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

Yolanda Draine appeals from her convictions and sentences for willful injury causing serious injury, domestic abuse assault with intent to cause serious injury while using a dangerous weapon, and leaving the scene of a personal injury accident. Draine maintains there was insufficient evidence to support her conviction of the three crimes because there was not evidence that she was driving the car that hit her husband. She also challenges the district court's imposition of sentences, claiming the court failed to provide reasons on the record for imposing consecutive sentences.

*Sufficiency of the Evidence.* Draine contests the district court's ruling there was substantial evidence to support her identity as the perpetrator of the crimes of hitting her husband with her vehicle and driving away. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "In reviewing challenges to the sufficiency of the evidence supporting a guilty verdict, courts consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* (quoting *State v. Keopasaeuth*, 645 N.W.2d 637, 640 (Iowa 2002)). We consider all of the evidence presented, not just the inculpatory evidence. *Id.* "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." *Id.* (citation omitted).

Draine maintains there was insufficient evidence to convict her of the crimes because no one saw the accident and she denied being the driver of the vehicle when she testified at trial. We disagree, as we find substantial evidence supports

the jury's verdicts. First, Draine had a motive to hurt her husband; the two were fighting throughout the day on August 16. According to Clarianne Young, Draine posted on social media about being angry, and according to Claira Ross, Draine spoke to her on the phone and expressed enough anger Ross became worried Draine would hurt her husband. After Ross expressed her concern to Young, Young went to Draine's home, where she found Draine speaking with police officers about her home being "torn up." After the officers left, Draine told Young she would sit on the stairs and wait for her husband to get home to shoot him with a gun; she expressed that she would get away with doing it because she had created a paper trail. Out of concern, Young offered to work as a mediator between Draine and her husband and asked Draine where he could be found. Draine and Young drove separate vehicles to a house nearby, where Draine's husband was spending time.

After Young spoke with Draine's husband for a short time, he indicated that he did not want to speak about his marriage at his friend's home and began riding his bike home. Young witnessed Draine "screech around" and drive her car in the direction her husband had gone. Although Young lost sight of the bike and car for a short time as they both turned and she got into her own vehicle to follow them, she quickly came upon Draine's husband lying in the street approximately one block away. As she approached Draine's husband, Young saw Draine's car making a turn one block away; she did not see any other vehicles nearby. The husband yelled, "She hit me. She hit me. I'm bleeding. Call an ambulance." While Young was waiting with the husband for the ambulance to arrive, she received a call from Draine asking her if she "was gonna talk." Although he later denied being

aware whether Draine was the driver, at the hospital, the husband told a police officer that she was. Additionally, Ross testified that she called Draine later that night and Draine told her, "I'm at the police station. I just hit this MF'er."

Viewing the evidence in the light most favorable to the State, substantial evidence supports the jury's conclusion that Draine was driving the vehicle.

*Consecutive Sentences.* The district court sentenced Draine to a five-year sentence, which it suspended, for her conviction for willful injury causing bodily injury. The court ran the sentence for domestic abuse assault with intent to cause serious injury while using a dangerous weapon—two years of supervised probation—consecutive to the first sentence. Draine was also sentenced to one year—with all but thirty days suspended—for leaving the scene of an accident causing injury.

Draine maintains the court failed to state on the record reasons for imposing consecutive sentences. *See* Iowa R. Crim. P. 2.23(3)(d) (requiring the sentencing court to "state on the record its reason for selecting the particular sentence"); *see also State v. Hill*, 878 N.W.2d 269, 274-75 (Iowa 2016) ("Sentencing courts should also explicitly state the reasons for imposing a consecutive sentence, although in doing so the court may rely on the same reasons for imposing a sentence of incarceration."). As the State concedes, while the court gave a detailed explanation for the sentences it imposed, it failed to tie those reasons to its decision to impose consecutive sentences.

Thus, we vacate Draine's sentences and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED.**